CASE 5—PETITION ORDINARY—NOVEMBER 22, 1884.

## Witty v. C., O. & S. W. R. R. Co.

APPEAL FROM OHIO CIRCUIT COURT.

1. A SEPARATE-GENERAL VERDICT was intended to apply in cases where there is more than one issue, and is a finding for the plaintiff or defendant upon a particular issue.

2. A SPECIAL VERDICT is a finding of facts, without reference to their relation to any issue.

3. IF A GENERAL VERDICT IS ASKED, the court *must* grant it, and require the jury to return also a general verdict.

4. IF A SPECIAL VERDICT IS ASKED, the court *must* grant it, and *may* in its discretion, also direct a general verdict, but is not compelled to do so as in the case of a separate-general verdict; if, however, the court does direct a general verdict, it must instruct the jury as to the whole law of the case. (But see Acts 1886, volume 1, page 120.)

5. IN DIRECTING A SPECIAL VERDICT the court should confine the questions propounded to the controlling facts in the case, and they should be such as to enable the court, on the return of the verdict, to apply the law and enter judgment without any thing further from the jury; and where either party may be entitled to recover money, or where damages are to be assessed, the court should direct the jury to assess the amount of recovery.

6. NEGLIGENCE IS A QUESTION OF LAW.—In this action, for willful and gross neglect, in which the court directed only a special verdict, the failure of the court to instruct the jury as to what is ordinary and what is willful or gross neglect, was not an error, because when all the facts are found by the jury this is a question of law properly reserved by the court under section 317 of the Code.

JOHN W. McPHERSON, JOE McCARROLL FOR APPELLANT.

1. The lower court erred in ordering a special verdict *only*. It is a right inherent in juries, when questions of fact are to be tried by them, to review all the facts and find for plaintiff or defendant, according to the right. (Civil Code, section 327.)

2. The court abused its discretion in propounding unnecessary and irrelevant questions. In directing special verdicts the court should shape the questions so as to meet the issues in a plain way. (Berry v. Pusey, 80 Ky., 169.)

3. The court should, in connection with the questions propounded, have instructed the jury as to what was meant by "gross" and "ordinary" negligence. (Berry v. Pusey, 80 Ky., 169; Sullivan's Adm'r v. Bridge Co., 9 Bush, 90; P. & E. R. R. Co. v. Letcher, 5 Ky. Law Rep., 153, 252.)

4. The plaintiff was entitled to judgment for $5,000 upon the special verdict.

a. The absence of slight care in the management of railroad trains is gross negligence. (M. & L. R. R. Co. v. Herrick, 13 Bush, 127.)

b. Where the plaintiff's injury was caused by the gross negligence of the defendant, the question of contributory negligence is not to be considered. (Claxton's Adm'r v. L. & B. S. R. R. Co., 13 Bush, 642; Hoehl's Case, 12 Bush, 49.)

c. If the immediate negligence is that of an agent or servant, and a co-

servant is injured thereby, the master is liable, the same as if the injury had been sustained by a stranger. (Booth v. R. R. Co., 29 Am. Rep., 99.)

*d.* If the facts are clearly ascertained, the question of negligence growing out of them is exclusively for the court to determine. (L. & P. Canal Co. v. Murphy's Adm'r, 9 Bush, 529; Chiles v. Drake, 2 Met., 147; Lewis v. B. & O. R. R. Co., volume 13 (N. S.), page 286.)

*e.* Though the plaintiff was negligent, yet the railroad company is responsible if it appear that its agent could have prevented the accident by the use of ordinary prudence and care in giving reasonable and usual signals of the train's approach. (B. & O. R. R. Co. v. Dougherty, &c., 12 Am. Law Reg. (N. S.), 259; P. & M. R. R. Co. v. Hoehl, 12 Bush, 46; L. C. & L. R. R. Co. v. Goetz's Adm'r, 79 Ky., 447; 12 Bush, 45; 13 Bush, 389, 642; 80 Ky., 144; Wharton on Negligence, sections 323, 335, 388.)

*f.* In the use and control of the engine, the engineer is the chief and governing agent of the corporation; the brakeman is, therefore, not in the same common service with the engineer, and ordinary neglect by the latter, resulting in injury to the former, is sufficient to hold the company liable. (L. & N. R. R. Co. v. Collins, 2 Duvall, 117; Caven's Case, 9 Bush, 561).

*g.* If a servant is injured by the unfitness, incompetence or want of skill of a fellow-servant, and the master had knowledge or the means of knowledge of such unfitness, etc., he is responsible for the damage. (49 N. Y., 521; 2 Thompson on Negligence, 932, 974; R. R. Co. v. Thomas' Adm'r, 79 Ky., 170; Wood on Master and Servant, section 416.) Nor can the company excuse itself upon the ground that it was impracticable to obtain a competent servant. (Lou. City Railway v. Weams, 80 Ky., 422.)

EDWARD W. HINES on same side in petition for rehearing.

1. The failure of the engineer to give any signal of the backward movement of his section of the train was gross negligence, when tested by this court's latest definition of that grade of negligence. (L. & N. R. R. Co. v. McCoy, 5 Ky. Law Rep., 404.)

2. It is only when all the essential facts are *admitted* or established *by uncontradicted evidence* that the question of negligence becomes one of pure law for the court. So many things go to make up negligence that it is almost impossible for the court to submit such questions as will elicit *all* the facts, and, therefore, the court should have instructed the jury as to negligence. (Dolfinger v. Fishback, 12 Bush, 478; P. & E. R. R. Co. v. Letcher, 5 Ky. Law Rep., 156.)

HOLMES CUMMINS for appellee.

1. The court did not err in directing a special verdict only. (Civil Code, section 327; Berry v. Pusey, 80 Ky., 169; Railway Co. v. Weams, 80 Ky., 422; R. R. Co. v. Letcher, 5 Ky. Law Rep., 153.)

2. When special verdicts are required questions of law may be reserved, and general instructions need not be given. (Subsection 5 of section 317, Civil Code.)

3. The distinctions in grades of negligence are simply questions of law. (Dolfinger v. Fishback, 12 Bush, 478; Canal Co. v. Murphy, 9 Bush, 533.)

4. Upon the special findings the court was bound to render judgment for defendant.

CHIEF JUSTICE HINES DELIVERED THE OPINION OF THE COURT.

This is an action to recover damages for an injury received by appellant through the alleged willful and gross negligence of appellee while appellant was in its employ as brakeman. Appellee denied any kind of negligence, and pleaded contributory negligence on the part of appellant. On application of appellee, the jury were required to answer certain questions, in the nature of a special verdict, and at the same time appellant also propounded numerous questions which were answered by the jury; but the court, on the application of appellant, refused to instruct the jury to find a general verdict, and neglected to define to the jury the meaning of willful or gross negligence.

The facts testified to by appellant are, that he was breaking on a freight train of appellee near McHenry mines, when the train was divided into two sections, and appellant directed by the conductor, who remained with the rear section, to go with the front section, to which the engine was attached, down to the switch at McHenry mines, and throw the switch so the rear section might follow and be run on to the side-track, and that, when he had so thrown the switch, to cause two whistles to be sounded, and that the conductor would then bring down the rear section

and run it on to the switch. Appellant testifies that, as directed by the conductor, the engineer, the fireman and himself went down the main track past the switch, stopped the engine, opened the switch, and had two whistles sounded for the conductor to bring down the rear section. That after waiting some fifteen or twenty minutes, and seeing and hearing nothing of the rear section, he walked around a curve in the road to ascertain the cause of the conductor's delay, and saw that his cars were "stuck." He then returned, without direction from the conductor or any one, closed the switch, informed the engineer that the rear section was "stuck," and requested him to back up, and assisted in moving the rear section; that, in obedience to this direction, the engineer backed his train, and in going around the curve a collision occurred between the two sections, both at the time moving from opposite directions, and appellant, being on next to the rear car of the front section, was injured. Appellant also testifies that, in so backing a train, the rules of the road required that three whistles should be sounded and this was not done; but there is other evidence tending to show that the signal was given. There was also evidence tending to show that the car that was wrecked, and which resulted in the injury to appellant, was decayed and insecure. This is enough of the evidence to illustrate the questions of law presented.

The principal complaint of appellant is, that the court refused to direct a general verdict in addition to the special findings; that the court erred in not defining to the jury the difference between ordinary

:and willful or gross neglect, and that the directions for special, separate findings were so numerous and involved as to be misleading to the jury.

To the first inquiry presented to the jury at the request of appellant they⁺ found that appellant was damaged by the collision in the sum of $5,000. The second was as follows: "If you say he was damaged, was the injury the result of plaintiff's own negligence or the negligence of the defendant?"

Answer. "Plaintiff's own negligence."

The 5th is: "If you find that the engineer was negligent in not giving the proper signal of his move- ·ments at the time of the alleged injury, then you ·will say so, and also whether said negligence was gross ·or only ordinary?"

Answer. "Ordinary."

The seventh requires the jury to say whether, at the time of or before the collision, the engineer and ·conductor, by ordinary care, could have prevented the injury.

Answer. "At the time they could not."

The eighth requires the jury to say whether, if the car wrecked was defective, "it could have been discovered by the close scrutiny and inspection of ;skillful and competent inspectors." The jury an- swer: "We think not."

On the request of appellee, the jury found that the engine was signaled to move back by appellant, .and that he gave the signal of his own accord, with- out any direction from the conductor or any one else. ·The 6th inquiry for appellee was: "Would said acci- ·dent in which plaintiff was injured have occurred if

the plaintiff had not given such signals to said engineer?"

Answer. "No."

The 14th inquiry is: "Did the employes of the defendant, other than plaintiff, upon said two parts of said train while said sections were approaching each other, and as soon as they knew there was danger of a collision thereof, or as soon as they reasonably might have known it, make the proper effort to stop said car and prevent such collision?"

Answer. "Yes."

A consideration of the questions raised by counsel involves the necessity of construing sections 317, 326, 327, 328 and 329 of the Civil Code.

Subsection 5 of section 317 is: "Either party may require the court to direct the jury to find a separate-general verdict with the general verdict, or to find a special verdict. If a special verdict be so required, the questions of law may be reserved by the court until after verdict; but if a general verdict be required, either party may ask written instructions to the jury on points of law, which shall be given or refused by the court before the commencement of the argument to the jury."

Subsections 1, 2, and 3 of section 326 defines the meaning of the different verdicts that may be returned under the Code.

Subsection 1. "A general verdict is that by which the jury pronounces generally upon all the issues, for the plaintiff or for the defendant.

Subsection 2. "A separate-general verdict is the

finding, upon any of the issues, in favor of the plaintiff or the defendant.''

Subsection 3. ''A special verdict is the finding of facts by a jury, as shown in their answers to questions submitted to them in writing.''

Section 327 of the Code is: ''Unless otherwise directed, the jury may find a general, or a general and separate-general verdict; or a special verdict, with. or without a general, or a separate-general verdict; but the court may, without motion, or, upon the. motion of a party, shall, direct the jury to find—

''*First.* A separate-general verdict as to any issue,. and with such finding the jury shall also return a. general verdict; and, if the separate-general verdict be inconsistent with the general verdict, judgment shall be rendered pursuant to the former; or,

''*Second.* A special verdict; and, on such finding, the jury shall return a special verdict only; and the. court shall render judgment upon it.''

Section 328 is: If a general and a special verdict be inconsistent, judgment shall be rendered pursuant to, the latter.''

Section 329 is: If, by a general verdict, either party be entitled to recover money of the adverse party, the; jury, in their verdict, must assess the amount of recovery.''

The first inquiry is as to what is meant by a ''separate-general verdict.'' So far as we are informed, there is no such provision, that has been judicially construed, in any of the American codes of civil procedure. It is not found in our Code of 1854, which was superseded by the present Code herein quoted,

and which went into effect January 1, 1877. This expression is defined as a finding "upon any of the *issues* in favor of the plaintiff or the defendant," while a special verdict is defined as "the finding of *facts* by a jury." The distinctive characteristic between the two seems to be, that in the one case the jury pass upon *an issue* made by the pleadings that may be constituted of many facts, and in the other they pass upon the existence of *facts* without reference to their relation to any issue.

The meaning of the expression "separate-general verdict" is, that the verdict is *separate* as to the particular *issue* as distinguished from any other issue in the case, and *general* as to the particular issue. That is, it was intended to apply in cases where there is more than one issue. For instance, an action upon an alleged contract when the issues presented are—first, was the contract procured by fraud or duress? and second, if it was so procured, and, therefore, voidable, was it subsequently ratified by the defendant after a full knowledge of the fraud and the removal of the duress? If, in such case, the jury should find a general verdict for the defendant, the court could not determine whether it was based upon the ground that the evidence authorized the conclusion that there was fraud or duress sufficient to invalidate the contract, or upon the ground that there was not evidence requisite to establish a ratification. The evidence might preponderate in favor of the conclusion that there was fraud or duress sufficient to invalidate the contract, but at the same time the evidence upon the issue of

ratification might be such that the preponderance in favor of a ratification would be so overwhelming that the court should grant a new trial.

The propriety and usefulness of this provision of the Code as to separate-general verdicts may be better illustrated by a case where the issues are—first, whether the defendant was an infant when he purchased goods from the plaintiff; second, whether, if he was then an infant, he ratified the contract after he become of age; and third, whether, though he was an infant when he purchased the goods, they were suitable to his financial condition and to his station.

In such a case a general verdict for the plaintiff would leave it uncertain, whether the jury went upon the ground that the defendant was of age when he purchased the goods, or upon the ground that he ratified the contract after coming of age, or upon the ground that the 'goods were necessaries; and, consequently, the court could not grant a new trial, if there were evidence conducing to sustain the plaintiff's allegations as to any one of the issues; though there may have been a preponderance of evidence against him upon that issue, and though he may have failed to sustain his allegations upon the other issues. This is the instance given by the editors of the Code of the evil probably intended to be provided against by the adoption of this section. If a separate-general verdict is asked for, the court *shall* grant it, and with it *shall* require the jury to return a general verdict. In such cases it is not only proper but necessary that the jury should be instructed by the court as to the law

applicable to the particular issues to be found by the
jury as fully as if there was only one issue in the case,
and the jury were required to find a general verdict
thereon.    But when a special verdict is demanded, the
court "shall" grant it, and *may* reserve the questions
of law until after the special verdicts are returned.
The court, in its discretion, *may* also direct a general
verdict, but it is not compelled to do so as in the case
of a separate-general verdict; if, however, the court
does direct a general verdict, it shall instruct the jury
as to the whole law of the case.    Under the Code of
1854, the court was not compelled to grant the request
for special verdict.    (See section 347; Louisville & N.
R. R. Co. v. Case's Adm'r., 9 Bush, 735.)    In directing
special verdicts, the court should confine them to the
controlling facts in the case, and they should be such
as to enable the court on the return of the verdicts to
apply the law and enter judgment without any thing
further from the jury; and where either party may be
entitled to recover money, or where damages are to be
assessed, the court should direct the jury, as was done
in this case, to assess the amount of recovery.    In this
case the jury found the essential and controlling facts
necessary to an intelligent application of the law by
the court, and the facts so found by the jury were of
such a nature that the court would have been com-
pelled to enter judgment for the defendant, even if
there had been a general verdict for the plaintiff.

The complaint by counsel for appellant, that the
requests for special verdicts were more numerous
than the case required, is well founded; but they
are neither so numerous or irrelevant as to have

misled the jury. The answers returned are mani-
festly the result of an intelligent comprehension by
the jury of all the requests submitted by the court.

The failure of the court to instruct the jury as to
what is ordinary and what is willful or gross neg-
lect was not error, because when all the facts are
found by the jury, this is a question of law prop-
erly reserved by the court under section 317 of the
Code. Such an instruction would be essential where
the jury are directed to find a separate-general ver-
dict on an issue where the verdict would turn upon
the character or degree of negligence.

Judgment affirmed.