## Crescent Stave Company v. Brown and Millard.

(Decided October 29, 1918.)

### Appeal from Letcher Circuit Court.

1. Appeal and Error—Prejudicial Error.—The admission by the court, over the objection and exception of plaintiffs, of hearsay evidence which tended to show a breach by plaintiffs of the contract sued on, it being the only such evidence in the record, and the submission by the court to the jury on such evidence of the question of a breach of the contract by plaintiffs, was such prejudicial error as necessitates a reversal of the judgment herein.

2. Appeal and Error—Construction of Contract.—The contract involved was not ambiguous and the court should have construed it and should not have submitted its proper construction to the jury.

3. Appeal and Error—Questions of Fact.—The court should not have submitted to the jury questions of fact that were not at issue upon both the pleadings and the evidence.

4. Limitation of Actions—Contracts—Arbitration.—When an executory contract provides for an arbitration of differences that may arise under it, but does not in terms or by inevitable construction or necessary implication make arbitration a condition pre-

cedent to a suit nor name arbitrators, an action in the court to settle the differences without an award is not barred.

5. Arbitration and Award—Waiver.—Even if an arbitration is made by a contract a condition precedent to a suit when a party fails to plead such provision and tries out the controversy in court upon its merits, he waives the right to insist upon an arbitration before suit.

6. Appeal and Error—Findings.—In view of the numerous and distinct items which had to be submitted to the jury, separate findings should have been required.

7. Appeal and Error—Damages—Submission to Jury.—As the court had not decided whether the attachment herein should be sustained or dismissed, questions of damages claimed to have resulted therefrom should not have been submitted to the jury in this case.

8. Appeal and Error—Claims for Lost Time.—Defendants were not entitled to have submitted to the jury their claims for loss of time from delays occasioned by plaintiffs in the absence of evidence that they were not and could not have been otherwise as profitably employed.

DAVID HAYS and O. H. WADDLE & SONS for appellants.

D. D. FIELDS and DAY, MAY & MAY and W. H. MAY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This action was filed by J. S. Cooper and C. L. Tarter, partners, doing business under the firm name of the Crescent Stave Company, against J. W. Brown and Riley Millard to recover damages for an alleged breach of a written contract to make and deliver whiskey and oil staves to plaintiffs, f. o. b. cars at Roxana, Kentucky, and to recover the excess of advancements, made to defendants to enable them to carry out the contract, over the value of staves which were delivered by the defendants and accepted by the plaintiffs under the contract. It is alleged in the petition that plaintiffs advanced to defendants the sum of $3,329.66, and that the value of the staves delivered under the contract was $2,899.39, and the damages from the alleged breach of contract are asserted to have been $3,036.78.

A general order of attachment was procured by plaintiffs and levied upon standing trees and culled staves located upon the tract of land known in the record as the Day tract. The defendants, by answer and counterclaim, admitted advancements to them by plaintiffs, amounting to $3,306.01, and asserted that the

staves delivered by them and accepted by the plaintiffs were worth $3,668.13 under the contract. Defendants also asserted claim against plaintiffs for $837.19, the alleged value of 555 whiskey staves and 35,000 oil staves which, they allege, they had manufactured and tendered to plaintiffs according to contract, and which plaintiffs wrongfully refused to accept; that plaintiffs, and not defendants, had violated the contract by removing essential parts from the stave mill which the contract obligated plaintiffs to furnish defendants, and that, after their breach of the contract, plaintiffs wrongfully entered upon the Day tract of land and cut therefrom 82 trees belonging to defendants, to their damage in the sum of $229.00. That they were further damaged in the sum of $36.00 by reason of plaintiffs stopping defendants' team in hauling staves from the mill to Roxana; the sum of $25.00 expended by defendants in purchasing essential parts that were missing from the stave mill when received from plaintiffs, and the further sum of $50.00 for time lost while procuring these parts for the mill. Defendants also asserted a claim for $1,500.00 damages on account of being deprived by plaintiffs' alleged breach of the contract, of the opportunity to manufacture and deliver under the contract staves from 418 trees on the Day tract which they did not work up.

After the answer and counterclaim had been filed, in which it was alleged that the staves and stave material were deteriorating in value, an order was entered upon motion of the plaintiffs, directing the master commissioner to take charge of and sell all attached staves and material on hand that had been cut by plaintiffs and defendants from the 860 trees on the Day tract, which order the master commissioner carried out, realizing from the sale $400.00, which was paid into court. Thereafter the issues with respect to the several items above set out were completed, and the trial before a jury resulted in a verdict for defendants for the sum of $878.00, and from the judgment entered thereon, plaintiffs have appealed.

Numerous errors are assigned as grounds for reversal, of which, however, we need notice but two, namely: (1) the court erred in admitting incompetent evidence, offered by the defendants, over objections and ex-

ceptions of plaintiffs; (2) the court erred in the instructions given.

1. The court, over the objections and exceptions of plaintiffs, permitted the defendant, Millard, to state that a Mr. Nuckles told him that plaintiff, Cooper, had directed Nuckles to take the saw away from the stave mill furnished by plaintiffs to defendants before the completion of the contract. This was clearly hearsay evidence and incompetent, and was very prejudicial to plaintiffs because it was evidence which the jury was authorized to consider as a violation by the plaintiff, Cooper, of the contract, and was the only evidence in the record of any violation of the contract by either of the plaintiffs, and, therefore, must have been the evidence upon which the court submitted to the jury the question of whether or not plaintiffs had violated the contract; and because of the admission of this clearly incompetent evidence and the submission to the jury, upon the basis of this evidence, of the question of whether or not plaintiffs had violated the contract, was such prejudicial error as necessitates a reversal of the judgment herein.

2. The above conclusion would render unnecessary a consideration of any of the other errors assigned as reasons for reversal were it not for the fact that, upon another trial, the other instructions given by the court upon this trial, if unnoticed, would be considered as approved, and this fact necessitates a consideration of the other instructions which were given by the court.

The contract between the parties, after providing for the manufacture and delivery by defendants to plaintiffs of all of the staves of certain specified dimensions that could be made from 860 marked white oak trees on the Day tract of land on King's creek, in Letcher county, and for the inspection according to the standard specifications and rules governing the sale and arbitration of white oak staves adopted by the National Coopers Association and approved by the Tight Barrel Manufacturers Association, the inspection to be made by representatives of plaintiffs whenever as many as 25,000 staves were ready for inspection, has the following provision:

"This contract is to include all the staves made from the timber herein referred to and from other timber purchased by first party (defendants) up to the number of

250,000 prime whiskey staves and as many oil staves as are made in manufacturing the prime whiskey staves, all of which are to be delivered to second party (plaintiffs) between now and January 1, 1915.''

Under this quoted provision, plaintiffs claimed that the defendants obligated themselves to furnish 250,000 whiskey staves and as many oil staves as would be made in making that number of whiskey staves, while the defendants claimed this clause means only that they might purchase other timber than that on the Day tract, specified in the contract, and make staves therefrom up to 250,000 whiskey staves and the resulting number of oil staves, but that it did not obligate them to furnish any staves except from the 860 trees on the Day tract and such other trees as they might purchase.

The court, evidently upon the idea that this clause of the contract was ambiguous, admitted extraneous evidence as to its meaning, and submitted to the jury its proper construction. This contract is not, in our judgment, ambiguous, but quite clearly obligated the defendants to manufacture and deliver to the plaintiffs only the staves that could be manufactured from the 860 white oak trees on the Day tract of land, and such other trees as they might purchase, the total number of staves to be received by the plaintiffs not to exceed, however, 250,000 whiskey staves and the resulting oil staves, and the court should have so construed the contract, and should not have submitted the question of its proper construction to the jury. As the evidence shows, without contradiction, that the defendants purchased 40 trees upon other tracts than the Day tract, and that they manufactured and tendered to the plaintiffs the staves from these 40 trees, and all of the 860 trees on the Day tract except 418, the instruction authorizing a finding of damages for the plaintiffs for the failure of the defendants to complete the contract should have been confined to the 418 trees on the Day tract which were not manufatured into staves according to contract.

3. The evidence further shows, without any contradiction except for the incompetent evidence to which we have referred above, that the defendants abandoned and violated the contract, and the instructions should have directed the jury to find for the plaintiffs as damages for such violation, the difference between the contract

price and the market price f. o. b. cars Roxana, of such whiskey and oil staves as could have been manufactured from the 418 trees on the Day tract of land. While upon the pleadings the defendants admitted advancements to them by plaintiffs of only $3,306.01 rather than $3,329.66 as claimed by the plaintiffs, the evidence without contradiction supports the claim of the plaintiffs. on this item, and the jury should have been instructed to find for plaintiffs for advancements made to defendants the sum of $3,329.66. These two instructions would have submitted to the jury plaintiffs' theory of the case.

4. On behalf of the defendants the jury should have been instructed to find for them the value of the staves delivered to and accepted by the plaintiffs as shown by the evidence according to the contract prices, not less, however, than $2,899.39, the value admitted by the plaintiffs of such staves, nor more than $3,669.13, the value claimed by defendants for same under the contract. It is insisted by counsel for plaintiffs that since the contract provides that "all the said staves are to be inspected according to the standard specifications and rules governing the sale and arbitration of white oak staves adopted by the National Coopers Association and approved by the Tight Barrel Stave Manufacturers Association," and that as those rules provide, in substance, after either party has notified the other of his dissatisfaction with the inspection and his desire to arbitrate the matter, a failure to select an arbitrator within thirty days will forfeit the claim of the party refusing to do so; and that defendants, having failed to select an arbitrator after expressing dissatisfaction with the inspection, are precluded from attacking the correctness of the inspection in this suit. This position is untenable both under the contract and plaintiffs' pleadings herein. In the first place the contract is executory and does not in terms or by inevitable construction or necessary implication make arbitration a condition precedent to a suit nor name the arbitrators, and is, therefore, no bar to an action in the courts without an award. 2 R. C. L. 363; 5 C. J. 45, and authorities there cited. Besides, plaintiffs did not plead this provision of the contract, but tried out the controversy in court upon its merits, which was clearly a waiver of the right to insist upon an arbitration before suit, had it existed. 2 R. C. L. 364; 5 C. J. 46.

5. The jury should also have been instructed to find for the defendants the sum of $21.75 which the evidence shows without contradiction was the amount paid by the defendants for necessary repairs on the stave mill and not repaid to them by plaintiffs.

6. It would have been much better, in view of the numerous and distinct items which had to be submitted, for the court not to have instructed the jury to strike a balance between the parties upon their findings with reference to these several items and to make a single verdict in accordance therewith, but rather to have instructed them to report separately their findings upon the several items submitted to them. See section 327, Civil Code, as amended, and Witty v. C., O. & S. W. R. R. Co., 83 Ky. 21.

7. The defendants were not entitled to have submitted to the jury their claim for damages resulting from the breach of the contract by the plaintiffs because the whole of the evidence shows that the breach of the contract was by the defendants and not by the plaintiffs. Defendant Millard admits that he removed the saw from the stave mill, and yet defendants attempt to make the absence of the saw the basis of their contention that the plaintiffs violated the contract, upon the pretext that a man named Nuckles told Millard that plaintiff Cooper had authorized its removal. Nor were they entitled to have submitted to the jury the question of damages claimed to have resulted to them by reason of the culled staves and material having been wrongfully attached and sold as claimed by them because that question must necessarily await a decision by the court as to whether or not the attachment was wrongful, and if so, any damage sustained by the defendants can then be asserted.

8. The evidence introduced by defendants in support of their claims for damages of $36.00 for loss of time of the teams stopped from hauling staves by plaintiffs' inspector, and of $50.00 for loss of time in getting the mill equipped for operation was insufficient to establish either claim, because there was no showing that the teams while stopped from hauling staves, or defendants and their employes while awaiting the arrival of the necessary parts for the stave mill, were not and could not have been otherwise as profitably employed. These items, therefore, should not have been submitted, nor

should they be upon another trial if the evidence is substantially the same as on the last trial.

For the reasons indicated the judgment is reversed, and the cause is remanded for a new trial consistent with this opinion.