## Featherstone v. Hale, Sr.

(Decided October 24, 1922.)

## Appeal from Fulton Circuit Court.

Brokers—Commissions—Terms of Agreement—Exceptions.—Where two persons are negotiating about a sale of real property and commission to be allowed in case of sale, finally reduce their agreement to writing whereby it is shown that the owner is to pay the agent five per cent commission on any sale made "to your prospective buyers that you may bring to the sale of land here on November 7, 1918," and there are no exceptions mentioned in the writing none will be allowed by the court upon a trial of the case, for the presumption is that the parties in reducing their agreement to writing set forth all its terms unless it be averred in the pleadings that by fraud or mistake some material part of the contract was omitted from the writing.

J. H. SHELTON for appellant.

BEN S. ADAMS and S. D. STENBRIDGE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee Hale owned a large body of farming land which he subdivided into tracts and advertised for sale on the 7th day of November, 1918, and at which sale he sold a tract of about 174 acres to Jerry and Joe Johnson at $63.00 per acre. Appellant Featherstone is a real estate agent who claims he found and produced the Johnsons

as purchasers of the 174-acre tract under an agreement, reading:

"Hickman, Ky., Nov. 7th, 1918.

"Mr. Fred Featherstone,
Arlington, Ky.

Dear Sir:—

"I hereby confirm our private conversation agreeing to give you 5% commission on any sales made to your prospective buyers that you may bring to the sale of land here on November 7th, 1918.

Your truly,
B. G. Hale, Sr."

Appellee Hale testified that in the conversation referred to in the foregoing letter it was specifically agreed between the parties that Featherstone was to have five per cent commission only on such sales as were made to prospective buyers found and produced by him at the sale and who were registered as his prospects, but was not to have commission on any sales made to residents of Hickman county, or to any person with whom Hale had been negotiating, and was not to have any commission on any sale made to Jerry or Joe Johnson. Appellant Featherstone testified that he found and produced the Johnsons as purchasers and took them on the lands before the sale; that he induced them to become purchasers and that they were not excepted or excluded in the conversation to which the latter refers as the prospects of Featherstone; that he took the Johnsons to the sale and did some bidding for them and they did buy 174 acres of the land at $63.00 per acre, and that appellant expected at the time to receive a commission of five per cent on the sale. There were several other witnesses who testified, some for the plaintiff and some for the defendant. It will thus be seen that there was a sharp conflict in the evidence. The jury found and returned a verdict for appellee, Hale, and Featherstone appeals from the judgment entered upon that verdict.

In his motion and grounds for new trial appellant Featherstone sets up the following reasons: (1) The verdict of the jury is not sustained by sufficient competent evidence and is contrary to law; (2) error of law occurring at the trial and excepted to at the time; (3) incompetent evidence introduced by appellee over the objection of appellant, and error of the court in refusing to allow

appellant to introduce competent evidence. As we have reached the conclusion that the trial court allowed, over the objection of appellant, the introduction of incompetent evidence and gave erroneous instructions presenting appellee's defense based upon this incompetent evidence, the judgment must be reversed. We will confine this opinion to this phase of the case.

Appellant relies upon the general rule that parol evidence will not be received to vary the terms of an unambigious written contract, complete on its face in the absence of a plea of mistake or fraud. The letter of confirmation copied above is an undertaking on the part of Hale to give Featherstone five per cent commission "on any sale made to your prospective buyers that you may bring to the sale of land here on the 7th of November, 1918." The writing appears to embrace the complete contract. It is unambiguous. Hale agreed to pay five per cent commission on all sales made of his land on the 7th of November to purchasers whom Featherstone had found and procured and might produce at the sale. There were no exceptions stated in the writing. The Johnsons were not excluded nor were the inhabitants of Hickman county excepted. In such case no parol or extrinsic evidence can be received to vary, modify or contradict the terms of the provisions of a written instrument, in the absence of an averment of fraud or mistake in the making of the contract. The reason assigned for this rule is that the writing is the deliberate act of the parties embracing their entire engagement and is much more certain and definite than is the memory of man. In 22 C. J., p. 1098, it is said that in the absence of fraud or mistake parol or extrinsic evidence is not admissible to vary, add to, modify or contradict the terms or provisions of the written instrument by showing the intention of the parties or their real agreement with reference to the subject matter to have been different from what is expressed in the writing. This is the Kentucky rule as shown by the cases of Crescent Stove Co. v. Brown, 181 Ky. 787; Macpherson v. Bacon, 180 Ky. 773; Gabbard v. Sheffield, 179 Ky. 442; Johnson v. Tackitt, 173 Ky. 406, and many other cases. In stating the reasons for the rule the above mentioned text says: "Where the parties have deliberately put their engagements into writing in such terms as import a

legal obligation, without any uncertainty as to the object or intent of their engagements, all previous negotiations and agreements with reference to the subject matter are presumed to have been merged in the written contracts, and the whole engagements of the parties and the extent of their undertaking is presumed to have been reduced to writing." Creitz v. Gallenstein, 170 Ky. 16; Citizens Trust Co. v. Farmers Bank, 166 Ky. 234. Continuing the author says: "The rule, however, goes even further than this, and it has been established that where the instrument is free from ambiguity and is in itself susceptible of a clear and sensible construction, parol or extrinsic evidence is not admissible even to explain its meaning or determine the construction of the writing." Fairbanks v. Guilfoyle, 33 Ky. L. R. 408; Harmon v. Thompson, 119 Ky. 528.

The answer of appellee Hale avers no fraud or mistake in the execution of the writing upon which appellant Featherstone relies, but it does set forth facts which it says were a part of the agreement referred to in the writing and which extends and enlarges the terms of the letter which is the basis of this litigation. The affirmative matter in the answer was demurrable. Under the state of the pleadings no evidence of what was said between the parties previous to the execution of the writing relied upon was competent to extend or vary its terms. Presumably the writing being complete upon its face, contained all the terms of the agreement, and in the absence of an averment in the answer of fraud or mistake in the making of the writing no such evidence was receivable. This evidence being incompetent the court erred to the prejudice of appellant Featherstone in giving instruction number two to the jury by which the jury was in substance told that, if it believed from the evidence that at the time the agreement was made between Featherstone and Hale, whereby Featherstone was to receive five per cent commission on all sales of land made by Hale to prospective purchasers produced by Featherstone, it was further agreed between said parties that the residents of Hickman county and Jerry Johnson were excluded from that contract, and that Featherstone was not to receive any commission upon any sale of land made to any resident of Hickman county or to Jerry Johnson, nor to anyone except such prospective purchasers as Featherstone might produce at the sale and cause their names to be registered as his prospects before

the sale, the verdict should be for the defendant Hale. The whole of this instruction should have been omitted, for it was based upon the incompetent evidence above referred to. The only question properly submitted to the jury was whether the purchaser, Jerry Johnson, who bought 174 acres of the land, as shown in the evidence, comes within the terms of the agreement as one of "your prospective buyers that you may bring to the sale of land on the 7th day of November, 1918." If Johnson was found and produced at the sale by Featherstone and as a result he purchased 174 acres of the land, Featherstone was entitled to the commission under the terms of the letter which embraced the contract, in the absence of fraud or mistake in its making.

Judgment reversed for proceedings consistent with this opinion.

Judgment reversed.