## Coles v. Morrison.

(Decided April 29, 1924.)

### Appeal from Boyd Circuit Court.

1. Evidence—Common Knowledge that Ties are Manufactured from Lower Grades of Timber.—It is a matter of common knowledge that cross-ties are usually manufactured from the lower grades of timber, and in contracts for sales of tie timber by the boundary as well as for the manufacture of such, it is not unusual to reserve certain varieties and sizes.

2. Contracts—Construction Rendering Enforceable Prevails.—When an agreement is susceptible of two constructions, one of which would render it enforceable, and the other unenforceable, the former construction will prevail.

3. Logs and Logging—Landowner Held Not entitled to Cancel Contract for manufacture of Timber into Cross-Ties.—A clause in a contract to manufacture into cross-ties all available timber on certain lands, giving the landowner the right to reserve any tree or trees for other purposes, did not give the landowner the right to reserve whole tracts of timber, or to cancel the contract when he saw fit.

4. Evidence—Contract to Manufacture Timber into Cross-Ties Held Not Ambiguous.—Clause in contract to manufacture into cross-ties all available timber on certain lands, giving the owner of the timber the right to reserve any tree or trees for other purposes, held not so ambiguous as to authorize introduction of parol evidence to explain it.

5. Appeal and Error—Admission of Evidence Held Not Prejudicial, Where Result Not Changed.—Erroneous admission of parol evidence as to the construction of a contract was not prejudicial, where the construction reached was that which would have been reached without the evidence.

PRICHARD & MALIN and DYSARD & ADAMSON for appellant.

WAUGH & HOWERTON and MARTIN & SMITH for appellee.

Opinion of the Court by Judge McCandless—Affirming.

In a written contract executed by the parties, September 16, 1920, F. B. Morrison, subject to certain reservations therein named, undertook to manufacture into cross-ties all the available timber upon certain lands of Frank Coles, and deliver same at the railway station. He engaged a number of men with teams and prosecuted the work until about the first of April, 1921, when Coles stopped him.

Morrison sued, alleging that the written contract was ambiguous and seeking damage for its breach according to his construction. Coles denied the ambiguity and in a counterclaim pleaded that Morrison had cut timber from other lands which he had not purchased and had failed to comply with the provisions of the contract in cutting on the lands covered by it, and sought damages therefor.

Much evidence was heard and the trial resulted in a verdict and judgment of $3,492.00 for Morrison.

The controversy is as to the proper construction of the reservation clause which reads:

" . . . The party of the second part shall proceed immediately with the work of manufacturing and delivering the said ties and shall continue the said work with all due diligence and dispatch, all available timber in said boundary, which will have been manufactured by the party of the first part who expressly reserves the right and option to reserve any tree or trees in the said boundary for other purposes than for the manufacture of cross-ties of which reservation, however, he must notify the party of the second part at least a week before the men of the party of the second part reach the locality in which the said trees are reserved are located, in the work upon the said land."

Appellant claims that the words "any tree or trees" are all inclusive and as used in the contract mean that he had a right to reserve any part of the entire boundary of timber, and that the phrase "other purposes than for the manufacture of cross-ties" is also all inclusive and did not limit the purpose for which appellant could reserve the trees, so that taking the two phrases together. appel-

lant was given the right to reserve any part or all of his trees for any purpose he desired, and that in their ordinary meaning these words are susceptible of but one construction and that is that appellant could reserve any part or all of the timber, consequently he could cancel the contract at any time he saw fit.

Considering the contract as a whole, while the above construction is plausible it does not seem to comport with the intention therein expressed. It is a matter of common knowledge that cross-ties are usually manufactured from the lower grades of timber, and in contracts for sale of tie timber by the boundary as well as for the manufacture of such, it is not unusual to reserve certain varieties and sizes.

A person might have timber that would make valuable lumber, as well as telephone poles and other articles, that he would not desire to manufacture into cross-ties, and it would be perfectly reasonable for him to reserve such by name, or to provide in his contract the right to select and designate such as de desired to reserve. Again, it is unlikely that parties would consume time and expense in entering into a contract which could be terminated by either at his pleasure, as this would be a vain thing, and when an agreement is susceptible of two constructions, one of which would render it enforceable and the other unenforceable, the former construction will prevail. Bibb, etc. v. Miller, 11 Bush 309; Henderson Belt Line Ry. Co. v. Descamp, 14 L. R. 44; First National Bank v. Doherty, 156 Ky. 386.

The phrase "all the available timber in said boundary" seems to refer to the manufacture and delivery of the ties, and is entirely inconsistent with the right of appellant to reserve all the timber.

It is further provided that as to such as he did reserve that "he must notify the party of the second part at least a week before the men of the party of the second part reach the locality in which the said trees were reserved or located in their work upon said land," this indicating that the reservation applies to certain designated trees and not to any particular locality, it being clear that the contract contemplates work on the lands upon which the trees are reserved.

While possibly susceptible of two constructions we think clearly the latter must prevail and that it is not

sufficiently ambiguous to authorize the introduction of parol evidence to explain its terms. Crescent Stave Co. v. Brown, etc., 181 Ky. 787; White Star Coal Co. v. Pursifull, 186 Ky. 696.

The court seems. to have reached the same conclusion but permitted parol evidence as to what occurred at or before the execution of the contract. While this was unauthorized, as the same construction would have been reached without the evidence, the appellant was not prejudiced thereby. As the court properly construed the contract he did not err in refusing the instructions offered by appellant, conforming to his theory thereof. Nor do we perceive any prejudicial error in the other instructions.

Appellant complains that he only contracted with Morrison to manufacture the timber on one tract of land containing 150 acres. It is shown that he owned a tract of 506 acres, which included the 150 acre tract. All of it was held by title bond. The 150 acres was the first purchased, but this was included in the later contract.

The issues as to these matters were submitted to the jury under proper instructions and by them decided, and we do not think there were any errors to the substantial rights of the appellant.

Wherefore the judgment is affirmed.