## Brown and Millard v. Crescent Stave Company.

(Decided November 18, 1924.)

Appeal from Letcher Circuit Court.

1. Trial—Party Loses Right to Demand Transfer of Action to Other Docket, if he Does Not Seasonably Move Therefor.—Party loses right to demand transfer of action to other docket, if he does not seasonably move therefor.

2. Appeal and Error—Trial—Court has Discretion in Matter of Transferring Causes to Equity Docket.—Trial court has discretion in matter of transfer of causes from law to equity docket, under Civil Code of Practice, section 10, subsection 4, and his transfer will not be reversed in absence of abuse, though moving party had lost right to demand transfer.

3. Appeal and Error—Chancellor's Judgment Allowed to Stand where Evidence is Conflicting and Mind Left in Doubt as to Truth.—Chancellor's judgment will be allowed to stand, where evidence is conflicting, and on whole case mind is left in doubt as to truth.

4.  Attachment—Court Erred in Sustaining Attachment, in Absence
    of Proof to Sustain Grounds.—Court erred in sustaining attach-
    ment, when grounds were denied, and no proof was offered to
    sustain them, in view of Civil Code of Practice, section 264.

C. C. BAGBY and D. D. FIELDS & DAY for appellants.

R. MONROE FIELDS and DAVID HAYS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming in part and reversing in part.

On the former appeal of this case the judgment was
reversed for errors of the court in admission of testi-
mony and the cause was remanded for a new trial, see
Crescent Stave Co. v. Brown, etc., 181 ·Ky. 787.  On the
return of the case to the circuit court on motion of the
plaintiff, to which the defendants objected, the court
transferred the case to equity and referred it to the com-
missioner to report a statement of the account between
the parties.  The commissioner reported in favor of the
plaintiff.  Exceptions were filed to his report; they were
overruled and judgment entered for the plaintiff.  There
was also a judgment entered sustaining the plaintiff's
attachment.  The defendants appeal.

It is earnestly insisted that the court erred in deny-·
ing the defendants a jury trial.  Subsection 4 of section
10 of the Civil ·Code provides:

"The court may, in its discretion, on motion of
either party, or without motion, order the transfer
of an action from the ordinary to the equity docket,
or from a court of purely common law to a court of
purely equity jurisdiction, whenever the court, be-
fore which the action is pending, shall be of the
opinion that such transfer is necessary because of
the peculiar questions involved, or because the case
involves accounts so complicated, or such great de-
tail of facts, as to render it impracticable for a jury
to intelligently try the case."

It has been held by this court in several cases that a
party loses his right to demand a transfer of the action
to the other docket if he does not seasonably move there-
for. If in this case the court had overruled the motion the
plaintiff could not complain here, but the court has a
discretion in such matters.  He may order the transfer

without motion and where he exercises his discretion and orders the transfer the judgment will not be reversed here, unless the discretion is abused. Precisely the same course as was followed here was taken in O'Connor, etc. v. Henderson Bridge Co., 95 Ky. 633, and was there sustained.

In view of the complexity of the account when the case was here on the former appeal, this court said that it would have been better, in view of the numerous and distinct items which had to be submitted, for the court to have instructed the jury to report separately their findings upon the several items. The case involved a mass of figures and we can not say that the circuit court erred in concluding that it involved accounts so complicated as to render it impracticable for a jury to intelligently try the case.

The additional evidence taken after the case returned from this court relieved it of much of the uncertainty then presented by the record, and on the whole case the judgment of the circuit court sustaining the commissioner's report can not be disturbed, under the rule of this court that the chancellor's judgment will be allowed to stand where the evidence is conflicting and on the whole case the mind is left in doubt as to the truth. But the grounds of attachment were controverted; no proof was offered to sustain the attachment. The circuit court erred in sustaining the attachment when the grounds were denied and no proof was offered to sustain them. Section 264 of the Civil Code provides:

"The trial of the attachment shall be by the court, and the witnesses shall be orally examined, except in cases wherein depositions might be read in an ordinary action."

The judgment in favor of the plaintiff for the amount fixed in the commissioner's report and the cost is affirmed. The judgment sustaining the attachment is reversed and the cause remanded for further proceedings consistent herewith.

On the return of the case to the circuit court the court will set a day and hear the evidence on the grounds for the attachment and sustain or discharge the attachment as the evidence may warrant.