## Chesapeake & Ohio Railroad Company v. City of Morehead, et al.

(Decided March 23, 1928.)

### Appeal from Rowan Circuit Court.

1.   Municipal Corporations.—Railroad companies, like other landowners, are liable for assessment for street improvements.

2. **Municipal Corporations.**—Assuming that deed by railroad granting property to city so long as same shall be used and maintained as public street 'by said city was intended to exempt railroad company from all special assessments therefor, held that agreement would be ultra vires on part of city officials and unenforceable under Constitution, sec. 170, and Constitution 1850, art. 13, sec. 1, as exempting railroad from common burden of taxation laid generally on abutting landowners.

3. **Deeds.**—Where railroad company executed deed of property to city for street, which provided that city should have same so long as it be used and maintained as public street by city, held that parties intended city to have land as public street to be improved and maintained according to manner and method applying to streets in general.

4. **Contracts.**—In case of doubt, presumption favors validity of contract.

5. **Contracts.**—If contract is susceptible to two meanings, one legal and other not, that interpretation will be put upon it which will make it valid and give it operation.

HUNT, NORTHCUTT & BUSH for appellant.

CLAY & HOGGE, D. B. CAUDILL and S. S. WILLIS for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Affirming.

The city of Morehead, a city of the fifth class, duly enacted an ordinance for the paving of certain streets at the expense of the abutting property owners, and let a contract therefor to Godfrey Miller. The Chesapeake & Ohio Railroad Company, as successor of the Elizabethtown & Big Sandy Railway Company, owns about 815 feet abutting Railroad street, one of the streets to be improved, and which it claimed was exempt from assessment. The contractor being unwilling to proceed, the city filed action under the Declaratory Judgment Act (Civil Code of Practice, secs. 639a1-639a12) for the adjudication of its rights in the matter. The railroad company relies on a deed executed by the latter named company on the 29th of April, 1886, to the city, in which, after a recital of the parties, continues:

"Doth hereby convey to said party and dedicate to and for the said town of Morehead for the purpose of a public street (here follows description of street) to have and to hold so long as the same shall

be used and maintained as a public street by the said town of Morehead, and in case of failure or cessation in such use or maintenance, said property hereby shall revert to said party of the first part its successors or assigns. The said party of the second part hereby accepts said conveyance and dedication and in consideration thereof covenants and agrees that it will lay out, grade, construct and maintain a good and sufficient street over the entire property as herein described with all needful drainage.''

It does not appear that the city council or governing body ever formally accepted the deed or took any action thereon. By stipulation it is agreed that the passenger and freight depots are located on lands adjoining Railroad street, and from which the latter was carved; that on the opposite side of the street and abutting thereon are two banks, two wholesale houses, and a large number of business houses, some of which have been erected thereon for more than 40 years, and it appears to be the principal business block of the city. It further appears that the city of Morehead has maintained Railroad street with funds from the city treasury; but that at many times during the past 15 years the Chesapeake & Ohio Railroad Company has donated stone and labor used upon it, but that this is the first city ordinance authorizing the construction of the street, and, further, at no time has any buildings or structures been erected upon any portion of the land conveyed in the deed and none exists thereon at the present time.

The chancellor denied the contentions of the railroad company, upheld the special assessment against its property, and directed Miller to proceed with the construction according to his contract. The railroad company appeals.

Railroad companies, like other landowners, are liable for assessment for street improvements. Louisville & N. R. Co. v. Southern Roads Co., 217 Ky. 575, 290 S. W. 320. And if by the deed in question the parties intended for the street to be constructed and maintained solely out of the funds of the city treasury and to exempt the railroad company from all special assessments therefor, as is claimed by appellant, such agreement would be ultra vires on the part of the city officials and unenforce-

able under section 170 of the present Constitution, and article 13, section 1, of the Constitution of 1850, as exempting it from the common burden of taxation laid generally on abutting landowners. Walker v. City of Richmond, 173 Ky. 26, 189 S. W. 1122, Ann. Cas. 1918E, 1084; City of Mt. Sterling v. Judy, 186 Ky. 689, 217 S. W. 911. Appellant admits that such is the effect of the construction relied on, but insists that such exemption was the consideration for the deed; that this consideration failed; and that on the authority of the Walker case, supra, it is entitled either to restitution of the land or to recover damages for its value.

On the other hand, it will be observed that the deed contains no express agreement on the part of the city to exempt the railroad company from the common burden of special assessment on its adjoining land, nor from other taxation, as appeared in the Walker case. And from the language used in this deed the parties may have intended for the railroad company to dedicate this land to the city as a public street to be improved and maintained according to the manner and method applying to streets in general, but that it was to revert in the event its use was devoted to any other character of use or in the event of its ceasing to be used as a street. If such was the intention of the parties, and we are of the opinion it was, the contract was not void nor unenforceable. But if a doubt exist as to this, it is well settled "the presumption is in favor of the validity of a contract, and if it is susceptible of two meanings the one legal and the other not, that interpretation will be put on it which will support and give it operation." Pennsylvania Fire Ins. Co. v. Cullin, 202 Ky. 107, 258 S. W. 965; Coles v. Morrison, 202 Ky. 834, 261 S. W. 600.

It follows that the lower court properly gave the latter construction to the deed, and it becomes unnecessary for us to determine what rights or remedies the appellant could have exercised in the matter if construction as claimed by it had prevailed.

Wherefore, perceiving no error, the judgment is affirmed.