## Brown et al. v. Cooper's Administrator et al.

(Decided March 21, 1930.)

790

C. C. BAGBY, E. C. MOORE and D. I. DAY for appellants.

MONROE FIELDS, ROSCOE TARTAR and JOHN S. COOPER, JR., for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is the third appeal of this case. The opinion on the first appeal is reported in 181 Ky. 787, 205 S. W. 937, and the opinion on the second appeal is reported in 207 Ky. 470, 269 S. W. 739. The action was brought in January, 1915, by J. S. Cooper and C. L. Tartar, partners doing business under the firm name of "Crescent Stave Company," against J. W. Brown and Riley Millard, to recover advancements made to defendants to enable them to carry out a written contract to manufacture and deliver whisky and oil staves to plaintiffs and to recover damages for breach of the contract. The amount sought to be recovered by the plaintiff was $3,477.05.

Upon the institution of the action an attachment was obtained. The grounds for the attachment set out in the affidavit therefor were that the defendants were about to sell, convey, or otherwise dispose of their property with the fraudulent intent to cheat, hinder and delay their creditors, and that they had no property in this state subject to execution or not enough thereof to statisfy the plaintiffs' demand and the collection of the demand would be endangered by delay in obtaining a judgment or a return of no property found, as provided by subdivisions 1 and 2 of subsection 8, section 194, Civil Code of Practice.

On the first trial of the case the defendants obtained a judgment on their counterclaim which was reversed on the ground that the evidence clearly showed that they had breached the contract, and there was no evidence tending to show that it had been breached by the plaintiffs. On the return of the case, it was transferred to the equity docket and referred to the commissioner to report a statement of the account between the parties. The

commissioner reported that the defendants were indebted to plaintiffs in the sum of $1,081.50 subject to a credit of $400, the proceeds from the sale of certain staves that had been attached and sold during the pendency of the action. Exceptions to the commissioner's report were overruled and judgment entered for the plaintiffs The judgment also sustained plaintiffs' attachment.

In Brown and Millard v. Crescent Stave Company, 207 Ky. 470, 269 S. W. 739, the judgment in favor of plaintiffs for the amount fixed in the commissioner's report was affirmed, but the judgment sustaining the attachment was reversed because the grounds for the attachment were denied and no proof had been offered to sustain them. After the return of the case to the circuit court, J. S. Cooper, one of the plaintiffs, died and the action was revived as to him in the name of his administrator. Considerable evidence on the motion to discharge the attachment was heard, and the court rendered a judgment sustaining the attachment. From that judgment this appeal is prosecuted.

It is conceded that the appellant Riley Millard was insolvent when the attachment was obtained. The evidence for appellees shows that the only property owned by Brown, subject to execution in Letcher county, was a quantity of manufactured staves and a number of standing trees. These staves were attached and were sold under an order of the court and brought $400. Brown was a resident of Casey county, Ky. The only property listed by him in that county for taxation at the time the attachment was obtained was a cow valued at $40. He owned a house and lot in West Danville in Boyle county, Ky., which he had listed for taxation at $1,000. He had purchased the lot in 1908 and erected a house thereon soon thereafter, but Brown's deed was not recorded until May, 1920, when he sold the house and lot for $2,500. The evidence for Brown tended to show that he owned three mules and other personal property used by him in Letcher county in carrying out the contract with appellees and quantity of staves that had been rejected by appellees and more than 400 standing trees, all located in Letcher county. Also an undivided one-third interest in a large farm in Casey county. Brown testified that his interest in this farm was worth $7,000. He also claimed that the house and lot in West Danville, Ky., at the time the attachment was obtained, was worth $4,500.

The farm in Casey county can be eliminated from consideration, since it had been purchesd by Brown's father in 1903 and the property was conveyed to the father and stood in his name in 1915. John B. Brown, father of J. W. Brown, testified that the property was in his name, but said that he purchased it with the intention that his son, J. W. Brown, should have a one-third interest therein. There is nothing except the unsupported word of the Browns tending to show that J. W. Brown had any interest in the Casey county land, and his interest in this land, if he had any, should not be considered in determining whether or not the appellees were warranted in suing out the attachment. While it appears that the appellees knew that Brown owned the house and lot in West Danville, although he had never recorded the deed, and his failure to record the deed may have been due to negligence on his part, as claimed by him, and not to any effort on his part to conceal his property, the Danville property, considering the price for which it was sold and his property subject to execution in Letcher county, were not sufficient to pay the debt originally claimed by appellees to be due them. It is true that appellees claimed that appellants were indebted to them in the sum of $3,477.05 and they recovered only $1,081.50, but there is no showing the the amount claimed in their petition was fanciful or unreasonable.

In Brasher v. Tandy, 37 S. W. 1045, 1046, 18 Ky. Law Rep. 701, the defendants had sufficient money, the proceeds of a fire insurance policy, with which to pay plaintiff's debt, but refused to pay the debt on the ground that the insurance money could not be subjected to its payment. It was held that the facts justified an attachment although the defendants owned land which, after judgment, sold for more than the debt. The court said:

> "While the lot sold, after the judgment, for more than the debt, it is manifest, from the proof, that the appellee had reasonable grounds to believe that his debt was in danger from the delay in obtaining judgment, and that the property of the defendants was insufficient in value to satisfy the demand."

The testimony for appellees tends to show that Brown, after he had determined to breach the contract, sought and obtained a further advance of $200. Upon receipt of a check for the $200 advance, he notified Tartar

and Cooper that he did not intend to do any further work under the contract. Tartar at once went to the bank to stop payment on the check, but learned that it had been cashed. He also learned that Brown was negotiating for the sale of the staves on hand to third parties. Appellees claim that under the contract these staves should have been delivered to them. Appellants claim they were culls that had been rejected by appellees, and therefore could be sold and delivered to other parties without breaching the contract. Brown admits that he was negotiating with a third party for the sale of the staves on hand, but insists that the proposed sale was in the regular course of business and not with the fraudulent intent to cheat, hinder, or delay the appellees. The chancellor found that the attachment was properly sued out on both grounds relied on. We are not convinced that the evidence was sufficient to warrant the chancellor's finding that the attachment should be sustained under subdivision 1 of subsection 8, section 194 of the Civil Code of Practice, but the evidence on that ground also had a bearing on the other ground relied on and could be considered by the court in determining whether or not the collection of plantiffs' demand would be endangered by delay in obtaining judgment of a return of no property found. While the proof on either side as to the value of appellant Brown's property subject to execution at the time the attachment was obtained is by no means satisfactory, we are unable to say that the chancellor erred in his conclusions, and under these circumstances the judgment will not be disturbed.

Judgment affirmed.