## City of Paducah v. Southern Roads Co. et al.
## Southern Roads Co. v. Bradshaw's Executor et al.

(Decided Feb. 20, 1934.)

W. A. BERRY for appellant in first case.

A. E. BOYD for appellant in second case.

WHEELER, WHEELER & SHELBOURNE, EATON & BOYD, A. Y. MARTIN and CHAS. H. LOWRY for appellees in first case.

WHEELER, WHEELER & SHELBOURNE, W. A. BERRY and A. Y. MARTIN for appellees in second case.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

These two appeals are prosecuted on the same record and involve the same subject-matter.

The city of Paducah, in 1927, adopted resolutions providing for the improvement, on the ten-year payment plan, of certain streets within the city. The construction of the improvement was let to the lowest and best bidder, when the Southern Roads Company was award-

ed the contract. In accordance therewith, it constructed a street abutting the property of W. F. Bradshaw, L. B. Ragland, Eloise McDonald, and Henrietta Grief. The street, as constructed, was accepted by the city in pursuance of a proper ordinance, and a lien was created on their several properties to secure the estimated cost of the improvement abutting their respective properties. The validity and regularity of the ordinances relating thereto are not disputed. A separate action, in the Mc-Cracken circuit court, was instituted by the Southern Roads Company against these property owners and the city of Paducah, setting forth the facts as to the passage of the ordinances, the letting of the contract, the acceptance of the work by the city council, the amount assessed per lineal foot and the refusal of the defendants to sign any agreement concerning the improvement, their respective delinquency, their refusal to pay the rate per lineal foot assessed against each of them, the total amount thereof, according to the footage of their respective properties fronting on the improved street, and sought the enforcement of a several lien on their properties, with penalty and interest. Each of the property owners, except Ragland, defended on the ground that prior to the adoption of the ordinances relating to the improvement, they had executed and delivered to the city of Paducah deeds conveying to it the land on which the street fronting their several properties had been constructed, in consideration of the city maintaining and keeping the street "in repair and free of cost or charges of all kinds whatsoever"; the improvement to be made of good material, such as the board of public works (of the city) shall recognize. Ragland defended on the ground his ancestors had executed and delivered to the city a deed containing a like provision. Among other things, each of them charged in their respective pleading, if for any reason this provision in the deed was invalid, he was entitled to have restored to him the land conveyed or to require the city to elect whether it would retain the property or pay for it. The city, in its response, assailed the provision of the deed on the ground it was ultra vires and void. The circuit court dismissed as to each defendant, except the city, the petition of the Southern Roads Company. As against the city, it directed a recovery in favor of the Southern Roads Company for the total cost of the construction of the street, per the lineal foot, abutting the property of each owner.

The only deed appearing in the record is that of Bradshaw's. Inasmuch as the other deeds are absent, we shall assume they contain the same provision of the Bradshaw deed, concerning the obligation of the city to maintain and keep the street in front of the Bradshaw property "free of cost or charges" to the owner. In City of Mt. Sterling v. Judy et al., 186 Ky. 689, 217 S. W. 911; Walker v. City of Richmond, 173 Ky. 26, 189 S. W. 1122, Ann. Cas. 1918E, 1084; Walker v. City of Richmond, 203 Ky. 481, 262 S. W. 628; Chesapeake & O. R. Co. v. City of Morehead et al., 223 Ky. 698, 4 S. W. (2d) 726, it was held a city is without authority, in consideration of the owner's conveying or surrendering land on which to construct a street, to agree to pay the cost of constructing, maintaining, and keeping a street thereon, and such contract of the city is an ultra vires agreement, and the owner of the abutting property should pay the future assessments for street improvements, but the city cannot keep the property and refuse to pay for it. In such case it is the duty of the court to ascertain if there were such an agreement, though for any reason unenforceable, then require the city to elect whether it will retain the property and pay for it either on the basis of the valuation at the time it was conveyed with interest thereon, or its valuation at the present time or to permit the owner to reclaim the property. The applicable rule was accurately stated in Walker v. City of Richmond, 203 Ky. 481, 262 S. W. 628. The vital question here involved has been so often reviewed by this court, its consideration in this case calls for no elaboration. Other questions are discussed in briefs. Since the case must be reversed on the ground indicated, we do not deem it required of us to dispose of any other question, except to say:

After the action was brought against him, W. F. Bradshaw died and it was revived against Charles K. Wheeler, the executor of his will. The will of Bradshaw is not in the record, and we are unable to determine whether it vested the executor with that character of title as to authorize him to defend instead of the real representatives. This question may be determined on the return of the case.

The judgment of the chancellor not being in harmony with our views, it is reversed, with directions to award a lien to the Southern Roads Company on the

abutting property, and provide for its enforcement, and for other proceedings consistent with this opinion.