Dock B. BENNETT, Appellant,

v.

Carl DUDLEY, Appellee.

Court of Appeals of Kentucky.

May 28, 1965.

Frank G. Gilliam and William S. Black, Lexington, for appellant.

James M. Todd, Lexington, for appellee.

CULLEN, Commissioner.

The appeal is from a judgment declaring null and void an agreement between appellant Dock B. Bennett and appellee Carl Dudley. Bennett had sought specific performance of the agreement.

Dudley was the owner of a parcel of real estate near Lexington on which he conducted a photo-copying business. Bennett was interested in buying the real estate. The two men entered into a written agreement styled "Agreement to Purchase" which contained these provisions:

1. Dudley "agrees to give an option to purchase" the real estate to Bennett, "provided:

"(a) That * * * [Dudley] disposes of his business by sale or otherwise * * *"

"2. That at such time as * * * [Dudley] desires to sell to * * * [Bennett] the * * * property * * *, he will notify * * * [Ben-

nett], in writing, of his intention to sell, and thereupon * * * [Bennett] shall have a period of sixty (60) days within which to exercise the option and consummate the purchase."

3. The price is to be $30,000.

Some time after the agreement was executed Dudley did sell his business. He did not notify Bennett of the sale or of any desire to sell the land to Bennett, but the latter heard about the sale of the business and within 60 days of the date of that sale he notified Dudley that he was exercising his option to purchase the real estate according to the agreement. Dudley refused to sell and asserted that the agreement was unenforceable. Thus this lawsuit.

It will be noted that the agreement, on its face and by its express language, conditions the giving of the option to Bennett upon two things: (1) The sale of the business, and (2) the forming by Dudley of a *desire to sell* the land to Bennett. In effect, the agreement says that Dudley will give Bennett an option if Dudley ever decides that he wants to do that. Obviously such an agreement has no enforceability.

Bennett argues that the agreement should be construed as if the giving of the option were conditioned only on the sale of the business and not on the existence of a desire to sell on Dudley's part. He cites the rule that where a writing is susceptible of two constructions, one of which would render it enforceable and the other unenforceable, the former construction will prevail. See Coles v. Morrison, 202 Ky. 834, 261 S.W. 600. The trouble here is that the agreement between Dudley and Bennett is not susceptible of two constructions. The construction contended for by Bennett is not one that can be reached from the terms of the agreement; it represents only an idea of what the parties ordinarily would be expected to have agreed upon.

The court cannot make a new contract for the parties or revise their contract under

profession of construing it. State Farm Mutual Automobile Insurance Co. v. Hobbs, Ky., 268 S.W.2d 420.

There are no special equities in Bennett's favor, because he was the one who sought the making of the agreement and his attorney drafted it. It reasonably could be that Dudley, who was not an anxious seller, was willing only to make the illusory promise of giving an option if he felt like it, and that Bennett, who was an anxious buyer, was willing to accept such a promise rather than nothing. The literal terms of the agreement are not so completely unreasonable as to show that the parties certainly must have meant something else.

The judgment is affirmed.