## Nickels v. Collins, et al.

(Decided March 28, 1913.)

### Appeal from Letcher Circuit Court.

Appeal—Granted by Clerk of This Court—Copy of Judgment Appealed From—Necessity For.—The clerk of this court has no authority to grant an appeal unless a copy of the judgment appealed from is filed in his office, and where an appeal is granted on the filing of a copy of an order overruling a motion to vacate a judgment in an equitable action, instead of a copy of the judgment appealed from, and a copy of the judgment appealed from is not filed within two years from the time the right of appeal accrued, and the party appealing does not come within any of the exceptions mentioned in Section 745, Civil Code, the appeal will be dismissed.

R. O. BRASHEARS for appellant.

D. D. FIELDS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Dismissing Appeal.

On November 30, 1903, plaintiff, Samuel Maggard, sold to defendant, W. B. Nickels, a tract of land lying on the waters of Little Colly Creek in Letcher County, Kentucky. The consideration was $1,400, of which sum $100 was paid in cash and the balance was to be paid on February 1, 1904, Nickels declined to pay the balance of the purchase price, and plaintiff, Samuel Maggard, after tendering him a general warranty deed, brought this action to recover the remainder of the purchase price, and to enforce a lien therefor on the land in controversy. W. B .Nickels defended on the ground that certain heirs of Elizabeth Richmond were in possession of the land and had title thereto. On final hearing the chancellor adjudged his defense insufficient, and gave judgment in favor of plaintiff for the balance of the purchase price and directed that the land be sold. This judgment was entered on April 29, 1909. On May 1st, defendant entered a motion to set aside the judgment, and an order was then entered refusing to set aside the judgment and granting defendant an appeal. On November 13, 1910, Samuel Maggard died.

For the purposes of appeal, plaintiff's counsel filed with the clerk of this court on April 24, 1911, a copy

of the order of the Letcher Circuit Court overruling plaintiff's motion to vacate the judgment and granting him an appeal to this court. No copy of the judgment of April 29th was then filed. Indeed, the judgment was not filed until August 28, 1911.

Samuel Maggard's heirs, against whom the action has been revived, have moved to dismiss the appeal.

Unless the party applying for the appeal is a defendant in the action, and an infant not under coverture; or of unsound mind; or a prisoner who did not appear by his attorney—in which cases an appeal may be granted to such parties, or their representatives, within one year next after their deaths or the removal of their disabilities, whichever may first happen—an appeal cannot be granted except within two years next after the right to appeal accrued. Section 745, Civil Code. The defendant does not come within any of the above exceptions; therefore, his right to appeal accrued on April 29, 1909. The clerk of this court is not authorized to grant an appeal until application therefor is made and there is also filed in his office a copy of the judgment from which the appeal is prosecuted. Civil Code, section 734. This being an equitable action, and there being no issue out of chancery, neither a motion for a new trial nor a motion to vacate the judgment was necessary in order to bring the whole case here for the purpose of review. Salyer v. Arnett, 23 Ky. L. Rep., 321; McCormick Machine Co. v. Martin, 21 Ky. L. Rep., 309. That being true, the order overruling the motion to vacate the judgment has no bearing whatever on the right of appeal. Indeed, defendant, in his application for the granting of an appeal, seems to have been aware of this fact, for he asked an appeal to be granted, not from the order of May 1st overruling the motion to vacate the judgment, but from the judgment entered on April 29th. The filing of the order of May 1st, therefore, was not the filing of a copy of the judgment appealed from. The judgment appealed from not having been filed at the time the appeal was granted, the clerk was without authority to grant the appeal. While this mistake might have been corrected by filing a copy of the judgment appealed from within two years from the time that the right of appeal accrued, yet no copy of the judgment was filed during that time. It was not filed until August 28, 1911, or just four months after the right to appeal had expired.

The appeal is dismissed.