## Miller, et al. v. Barnes, et al.

(Decided October 1, 1918.)

### Appeal from Caldwell Circuit Court.

1. Trial—Limiting Argument to Jury.—In this action upon a contract to recover $250.00 involving only two simple issues of fact upon which but three witnesses testified and which were sub-

mitted to the jury in three short instructions, it was not an abuse of a sound judicial discretion to limit the arguments to ten minutes to a side.

2. Appeal and Error—Preparing and Offering Instructions on Trial.—Although a reasonable time should be allowed to parties in which to prepare and offer instructions to which they think they are entitled, a refusal so to do is not prejudicial error where parties were not entitled to the instructions they prepared and offered after submission.

3. Appeal and Error—Instructions.—Although one of three instructions given by the court was not supported by any evidence in so far as it authorized a finding for plaintiffs and should not have been given, the error was not prejudicial to plaintiffs since the jury found for defendants upon another issue correctly submitted in all three instructions.

4. Appeal and Error—Instructions.—Appellants can not urge in this court as ground for reversal the failure of the trial court to give instructions upon such questions as they did not offer instructions.

ALBERT MORSE, JOHN G. MILLER and J. C. SPEIGHT for appellants.

JOHN C. GATES and R. W. LISANBY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellee, Frank Barnes, while employed by the American Express Company was, on October 22, 1915, at Princeton, Kentucky, struck by a train of the Illinois Central Railroad Company and injured. He employed appellants, who are attorneys and partners, to prosecute his claim for damages, but before the contract of employment was reduced to writing he left Princeton and went to Illinois for a visit to his father, with the understanding that the contract would be reduced to writing and mailed to him for his signature. The contract, as written by the attorneys, fixing their fee at a sum equal to one-half of any amount recovered by suit or compromise, and mailed to him, he did not sign, but sent his father to Princeton with authority, as he testifies, to sign a contract with appellants for a fee equal to one-half of any recovery by suit, but for only twenty-five per cent of a recovery by compromise. The father, however, signed the name of appellee to a contract employing appellants, and providing for a fee equal to fifty per cent of any recovery by suit or compromise. Appellant Miller testifies that Frank Barnes, upon re-

ceipt of contract, had written him that his father would come to Princeton, and that any contract made with his father would be satisfactory to him, which statement is not denied by appellee Barnes in his testimony. Thereafter, in September, 1916, and before suit was filed upon the claim, but after appellants had made some preparation therefor, including several conversations with appellee Barnes, Barnes told appellant Morse that he had an opportunity to settle with the express company for $200.00, and Barnes contends and testifies that in that conversation Morse released him from the contract of employment, and authorized him to make a compromise without reference to appellants. Morse admits the conversation in part, and that he told Barnes to go ahead and make the compromise, but claims he told Barnes to do it before suit was filed, and that he did not release him from the contract of employment; and, notwithstanding Morse practically admits he authorized a compromise by Barnes free from any claim for a fee, if done before suit was filed, suit was filed by the attorneys that same day or the next, and a few days later Barnes, with knowledge that the suit had been filed, settled his claim for $500.00, which was paid to him by the express company. Thereupon appellants filed this action upon the written contract, signed by Barnes' father, seeking to recover of Barnes, the Illinois Central Railroad Company and the American Express Company, a sum equal to one-half of the sum paid to Barnes by the express company in settlement of his claim, the amount of which is not definitely fixed by the petition, or amended petition, but which was proven quite conclusively to have been $500.00 and no more. The defendant, Barnes, in his answer, denied that he had signed the written contract sued upon, or that his father had authority to sign it, or any contract providing for a fee of more than twenty-five per cent of a recovery by compromise, and pleaded release by appellants from their contract of employment, whatever its terms, and that relying upon that release he had accepted from the express company $500.00 in full satisfaction of his claim for damages. The express company, by separate answer, stated that it, without understanding or arrangement with the railroad company, had paid Barnes $500.00 in full settlement of his claim for damages, and relied upon the same release by appel-

lants pleaded by Barnes. The railroad company denied liability for the injury, or that it had paid Barnes anything in settlement of his claim therefor, or participated therein, and also relied upon the release by appellants pleaded by Barnes. Upon these issues the case was tried before a jury, resulting in a directed verdict in favor of the railroad company at the close of plaintiffs' evidence, and a verdict for the defendants, Barnes and the express company, upon final submission.

The grounds for reversal, that need to be considered, are:

(a) That the instructions given by the court are erroneous; (b) that the court erred in refusing to grant appellants time to prepare and present instructions; (c) in refusing to give instructions offered by appellants after the argument for one of the appellees had been concluded; and (d) in limiting the arguments to ten minutes to the side.

1. As will be seen from the foregoing statement there was involved in this litigation but $250.00, although there was an unsuccessful effort to prove that Barnes, in addition to the $500.00 paid him, was promised a life position with the express company, and there were but two facts in issue, namely, whether appellants' fee under an admitted employment had been fixed as claimed by appellants, at fifty per cent of any recovery, or, as pleaded by appellees, at fifty per cent of the recovery by suit and twenty-five per cent of any recovery by compromise; and, second, whether the contract of employment, whatever its terms, had been annulled and lien released by agreement before the admitted compromise. Upon these questions of fact but three witnesses testified, appellants Miller and Morse and appellee Barnes, and the court gave only three short instructions, so that we do not think the court abused a sound judicial discretion in limiting the argument to ten minutes to the side.

2. At the conclusion of the testimony the court, having prepared instructions during the progress of the trial, asked the attorneys representing all parties if they had any instructions to offer, and after they had replied that they had none to offer, the court read to the jury the instructions he had prepared, whereupon the attorneys for plaintiffs asked the court to be allowed a reasonable time in which to prepare and offer instructions on

behalf of the plaintiffs, which motion the court overruled and the plaintiffs excepted. The attorneys for plaintiffs then proceeded to prepare, and offered to the court an instruction, after an argument had been made to the jury by one of the defendants' counsel, and this the court refused to give.

Parties unquestionably have a right to a reasonable time in which to prepare instructions to which they think themselves entitled, and a refusal of the court to allow a reasonable time for such purpose would be an error, and, if prejudicial, necessitate a reversal; and if appellants had been entitled to have submitted to the jury the instruction which they prepared and offered as speedily as they could, and within about five minutes after hearing read the instructions prepared by the court, the refusal would be, we think, clearly prejudicial error, although appellants had stated when they learned the court had prepared instructions, but before they had heard them read, that they did not care to offer any, as under such circumstances they had a right to assume the court, in preparing instructions, would cover the case correctly until they learned otherwise, and they should then have had a reasonable opportunity to prepare and offer such instructions as they thought proper. But in the case at bar, being convinced that plaintiffs were not entitled to the instruction which they prepared and offered, and it is the only instruction, they claim, they desired to prepare or offer, it results that they were not prejudiced by the failure of the court to grant them time in which to prepare it.

Here is the instruction they offered:

"The court instructs the jury that although plaintiff Morse authorized defendant Barnes to settle the case at $200.00, if he could, if said Barnes did not at that time actually settle, but caused or authorized the bringing of the suit afterward against the railroad company or accepted the plaintiffs' services in bringing the suit, then the defendants cannot rely upon or claim the benefit of said authority, but the original contract will prevail."

This instruction was not authorized for the simple reason that there was no evidence to support it, as there is no evidence whatever that Barnes, after the conversation with Morse in which he testified that the contract of employment with counsel ceased, caused or authorized the bringing of the suit, and the mere fact that he

knew the suit was filed unless authorized by him would not have been sufficient to reinstate a contract which had been canceled by agreement.

3. These are the instructions given by the court:

"Instruction No. 1. The court instructs the jury that if you believe from the evidence that the plaintiff contracted with the defendant, Frank Barnes, for a fee equal to fifty per cent of any amount that might be recovered in the action of said Barnes and against the Illinois Central Railway Company and others for personal injury, then the jury will find for the plaintiffs under the contract the sum of $250.00 against the defendants, Barnes and American Express Company, unless you believe from the evidence that the defendant Morse agreed to release said Barnes from said contract, and in that event you should find for the defendants.

"Instruction No. 2. If the jury believe from the evidence that said defendant Barnes did not sign the contract in question, or authorize his father to do so, yet if you believe from the evidence that he approved or ratified the contract thereafter, then in that event the contract will be binding against him unless it was thereafter agreed by plaintiff Morse that the contract was not to be enforced.

"Instruction No. 3. If the jury believe from the evidence that there was a contract between plaintiffs and the defendant Barnes for a sum equal to twenty-five per cent of any amount received upon compromise, then the jury will find for plaintiffs against the defendants, Barnes and the American Express Company, the sum of one hundred and twenty-five dollars, unless you believe that thereafter said contract was, by agreement between defendant Barnes and plaintiff Morse, abandoned."

It will be noticed that instruction No. 1 submitted to the jury appellants' contention as to the terms of their contract of employment and authorized a recovery by them unless the jury believe from the evidence that appellant Morse had released Barnes from the contract. Instruction No. 2 authorized a recovery by plaintiffs even though the jury believed Barnes' contention that he neither signed the contract nor authorized his father to do so, if they believed from the evidence that he thereafter ratified or approved the contract, unless they believed that Morse had released Barnes from the contract. Instruction No. 3 submitted to the jury Barnes'

contention set up in his pleading but not supported by any evidence, that the plaintiffs were to have twenty-five per cent of the sum received by compromise unless the jury believed from the evidence that plaintiff Morse had released Barnes from the contract of employment. As there was no evidence to support instruction No. 3, it should not have been given, but as the jury did not find under it unless they believed from the evidence that the contract had been canceled by agreement, it was not prejudicial to appellants; and as instructions Nos. 1 and 2 submitted to the jury appellants' contention both as to the terms of the contract and its execution as claimed by them, and also their claim of ratification by appellee Barnes, even though he had not executed or authorized the execution of the contract sued on, and authorized a finding for them unless the jury believed the contract had been canceled by agreement, as claimed by appellees, before compromise was effected, it is quite evident that the jury's verdict for the defendant was based upon their belief of appellees' testimony rather than that for the appellants about the cancellation of the contract, for otherwise they must have found for appellants; and as this question was an issue and properly submitted to the jury, and as a determination of this issue precluded appellants' right to recovery without reference to what the jury may have believed as to the true facts about the terms of employment, it is quite evident that the instructions were not prejudicial to appellants. And since it was determined by the jury that Barnes was not liable to appellants for any fee because of the cancellation of the contract of employment, it is equally apparent that they were not entitled to recover from the Illinois Central Railroad Company, in any event, and that even if it be admitted that the court erred in sustaining the motion of this defendant for a peremptory instruction, appellants were not prejudiced thereby because their only right to recover of this defendant depended upon a liability upon the part of Barnes and the consequent lien upon such recovery.

Counsel for appellants argue in brief that they were entitled to a directed verdict for $250.00, and an instruction submitting to the jury the value of the employment which it was claimed Barnes was promised by the express company for life; but they offered no instruction upon either of these questions, and there could be, there-

fore, no reversal upon this ground, even if the evidence had authorized such instructions, which it did not in our judgment. For the reasons indicated, the judgment is affirmed.