## Asher v. Golden

(Decided November 8, 1929.)

N. J. WELLER, D. M. BINGHAM and R. L. POPE for appellant.

B. B. GOLDEN, J. S. GOLDEN and N. R. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellee, Hon. B. B. Golden, an attorney at law, brought this suit against the appellant, A. J. Asher, Sr., to recover for legal services rendered the appellant and for certain expenses incurred while rendering those services for the appellant under a written contract entered into between the parties on November 15, 1916, whereby the appellant retained the appellee as his attor-

ney, "with the stipulation and understanding that the appellee should give to the appellant all of his time except so much as might be necessary to look after appellee's then pending cases and such other important cases as might thereafter come to him," in consideration of which the appellant agreed to pay the appellee "on the 15th day of each month thereafter the sum of $250 per month and all expenses, including such stenographic work as might be necessary to have done for" the appellant. There was no time specified in the written contract, for it to run so that either party had a right to terminate it at any time he might see fit to do so. Appellee alleged that he had performed legal services for the appellant under this contract until April, 1921, and that there was due him by way of monthly compensation provided for in his contract for services thus performed the sum of $6,-000, and an additional sum for expenses incurred in the prosecution of the appellant's legal affairs.

Appellant filed an answer in which he stated that in the month of February, 1919, the contract sued upon had by mutual agreement been terminated, that he had then made a complete settlement with the appellee for all that was due the latter under that contract, and that any work thereafter done for him by the appellee was done by reason of special employment in the respective matters involved. A reply put these allegations in issue.

When the case came on to be tried, it appearing that in the event appellee was entitled to recover on his alleged contract there would be involved a long and detailed accounting between the parties as to expenses incurred by appellee in appellant's business and as to payments made by appellant to appellee from time to time, the court on appellee's motion, and over appellant's objection, transferred the case to the equity docket. When it did so, the appellant at once moved the court to submit to the jury the issue as to whether or not the written contract sued upon had been terminated in February, 1919, as claimed by him. The court overruled this motion.

The case was then submitted to a special commissioner, Mr. H. L. Bryant, who was agreed upon for this work by the parties. A great mass of proof was taken and an accounting had. The special commissioner filed a well-considered, illuminating, and model report, in which he found that the written contract sued upon had not been terminated in February, 1919, as claimed by the appellant, and that on an accounting there was due the

appellee from the appellant the sum of $4,570.17. Exceptions were filed to this report by the appellant. When the case came on to be tried by the court on these exceptions to the commissioner's report, the appellant then undertook to file an amended answer and counterclaim, which, still asserting that the written contract sued upon had been terminated in February, 1919, alleged that, if this contract had not been terminated as claimed, then the services performed thereunder by the appellant, and after their alleged settlement in February, 1919, had been negligently performed in certain matters which were fully set out in this tendered answer and counterclaim, and that by reason of such negligent management appellant had been damaged in the sum of $5,600. On appellee's objection to the motion to file this pleading, the court declined to allow it to be filed. The court then overruled the appellant's exceptions to the commissioner's report and entered judgment in conformity therewith. From that judgment this appeal is prosecuted.

But two grounds are urged for reversal: First, error in the court in refusing to permit the amended answer and counterclaim to be filed; and, secondly, error in the court in refusing to submit the issue to the jury as requested by the appellant. It is perfectly obvious that ground one is without merit. Not only did the amended answer and counterclaim come too late since, although appellant must have known of the facts alleged in his counterclaim throughout this litigation, this pleading was not tendered until after all the proof had been taken and the parties were ready to take up with the court the appellant's exceptions to the commissioner's report, but, further than that, the pleading contained inconsistent pleas. The appellant could not deny the written contract sued upon and in the same breath claim damages for its breach.

Thus in the case of Langan & Taylor Storage & Moving Co. v. Tennelly, 122 Ky. 808, 93 S. W. 1, 29 Ky. Law Rep. 367, a buyer of goods brought suit for damages for their nondelivery. By answer and counterclaim, the seller alleged delivery and sought a recovery for the sale price. Thereupon the buyer by a reply sought to recover damages for the negligent packing of the goods *in the event* the seller should succeed in maintaining his counterclaim. It was held that this reply should have been stricken from the record. See, also, Black v. Holloway, 41 S. W. 576, 19 Ky. Law Rep. 694; Lewis v. Durham,

205 Ky. 403, 265 S. W. 934. As appellant was still insisting by this tendered pleading that the contract sued upon had been terminated in February, 1919, he could not claim damages under it for the negligent management of his affairs thereafter.

Ground 2, relied upon for a reversal, however, is meritorious. Although it is true the court properly transferred this case to equity on the accounting feature of it (see Civil Code, sec. 10, subsec. 4)—indeed, no complaint of the court's action in this regard is made on this appeal—yet it is equally true that the appellant was entitled to have submitted to the jury the issue that he requested. Whether or not the contract sued upon had been terminated in February, 1919, was a simple, clear-cut legal issue upon which appellant was entitled to a jury trial. Essentially this was a suit at law. The answer presented no equitable issue. Aside from the amount which appellee should recover, if anything, the only issue in the case was a "contract vel non." This was only a legal issue. It was expressly so held in the analogous case of John King Co. v L. & N. R. Co., 131 Ky. 46, 114 S. W. 308. See, also, Republic Coal Co. et al. v. Ward, 191 Ky. 368, 230 S. W. 295.

Under these circumstances, as held in the King case, supra, the appellant was entitled to a jury trial on that issue, and it was error for the court to refuse it to him. The fact that a great mass of evidence was to be introduced on this issue does not change the result. If this were not so, every legal issue could be transferred to equity for trial where it appeared that there were a great number of witnesses to be heard upon it.

The case cited and relied upon by the appellee, of which Finley v. Meadows, 134 Ky. 70, 119 S. W. 216, Philadelphia Veneer & Lumber Co. v. Garrison, 160 Ky. 329, 169 S. W. 714; Prussian National Ins. Co. of Stettin, Germany v. Terrell, 142 Ky. 732, 135 S. W. 416, are typical, are easily distinguishable. In the last named case there were 20 issues of fact so interwoven with questions of law as to render it practically impossible for the court to instruct the jury on the issues involved. In the first named of these cases the issue involved was the quantity of land in five irregular shaped tracts whose exterior as well as interior lines were in dispute. The detail of fact was too great for an intelligent jury to keep in mind. In the Garrison case, the issue was what was due, if any-

thing, under contracts not disputed, and this issue involved a complicated accounting. Here the issue of a "contract vel non" was a simple one, not involving any great detail of fact, although there was much evidence introduced on the issue. Whether the contract was terminated in February, 1919, as claimed, or not, was an issue neither complicated nor incapable of being intelligently tried by a jury. The case falls within the cases cited by appellant and not those relied upon by the appellee.

However, although appellant was and is entitled to have the issue submitted to the jury as he requested, this will not necessitate another accounting in the event the jury should find that the contract sued upon was not terminated in February, 1919. Therefore this case is reversed, with instructions to submit to a jury the issue as requested by appellant, and, in the event the jury should find that the contract sued upon was not terminated in February, 1919, the court will enter judgment for the appellee in the sum of $4,570.17, together with interest thereon from the 24th day of October, 1928, until paid.