## Hembree et al. v. Asher Coal Min. Co. et al.

(Decided Feb. 4, 1936.)

J. LEONARD DAVIS and J. L. WILLIAMS for appellants.

J. B. SNYDER, E. B. WILSON and HUNT & BUSH for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The Asher Coal Mining Company and the Security Trust Company, on the 28th day of December, 1931, brought this action in equity against the Harlan Fox Mining Company to enforce a vendor's lien on certain land on which coal mines had been developed and operated.

A judgment was entered at the February term of court, 1932, directing the master commissioner to sell the property to satisfy the purchase-money lien of $28,686.60. The commissioner reported the sale on the 5th day of April, 1932. At the commissioner's sale the Asher Coal Mining Company bid for the property $30,279.63, a sum less than its debt, interest, and cost. On the 29th day of March, 1932, Nannie Hembree and Arthur Smith filed a separate intervening petition, on each of which summons was issued and served. They set up a separate award to them by the Workmen's Compensation Board against the Harlan Fox Mining Company; the balance due Nannie Hembree was $3,-592; that due Arthur Smith, $474. They alleged that the Harlan Fox Mining Company had notified each of them that it could not pay any more on the award; that suit was pending in the Harlan circuit court; and that all of its property, both real and personal, was being subjected to sale, with directions to each of them to file a suit to protect their respective awards. Nannie Hembree alleged in her petition that she had been paid on the award by the Harlan Fox Mining Company.

each week at the rate of $12 per week until the ———— day of ————.

The Harlan Fox Mining Company filed an answer confessing the board's awards and the amount due thereon. The Asher Coal Mining Company filed a separate answer, wherein it set up its indebtedness and lien against the property of the Harlan Fox Mining Company, and alleged it had purchased the property at the commissioner's sale for a sum less than its debt and interest and cost. It further averred than on August 27, 1931, more than six months before Nannie Hembree and Arthur Smith, or either of them, had filed their intervening petitition, the Harlan Fox Mining Company had closed down and suspended business. It pleaded the suspension of business by the Harlan Fox Mining Company and their respective failure to take steps or file suit on their intervening petition within six months next before the 29th day of March, 1932. Its answers to their petitions were controverted of record.

The action in which they filed their intervening petitions, it will be observed, was brought in equity. The witnesses offered by the parties were heard in open court. Their testimony under an order of the court was taken by the official stenographer. Judgment was rendered on the 25th day of October, 1932. On the 28th day of October, 1932, Hembree and Smith filed motions and grounds for a new trial, under section 343, Civil Code of Practice.

The stenographer who made the stenographic notes of the evidence transcribed, certified, and signed the same, as of October 16, 1933. On the 24th day of May, 1934, the affidavit of her sister was filed identifying her sister's signature to the certificate to the bill of evidence. On the 24th day of May, 1934, the same was examined, approved, and signed by the judge of the court. Thereupon, the motion for a new trial was overruled. Nannie Hembree and Arthur Smith were granted by the circuit court an appeal from the order entered at its October term, 1933, denying them relief and dismissing their intervening petitions.

The Asher Coal Mining Company contends that since this was an equity action, the Code provision governing the application and filing of motion and grounds for a new trial are inapplicable. Waiving this ques-

tion, and adverting to section 342, Civil Code of Practice, we find it requires that an application for a new trial must be made during the term in which the verdict and decision are rendered, except for newly discovered evidence, "within three days after the verdict. or decision is rendered, unless unavoidably prevented." Its requirement that the motion shall be made within three days means three judicial days, and the day on which the verdict or decision was rendered and the day on which the motion is made are both computed. The record shows that the judgment denying them relief and dismissing their intervening petitions: was rendered "October term, Twentieth day, 25th day of October, 1932." The motion and grounds for a new trial were filed "October term, twenty-third day, 28th day of October, 1932." There appears no order extending the time for filing the motions and grounds for a. new trial.

In Harlan v. Braxdale's Adm'r, 35 S. W. 916, 18. Ky. Law Rep. 171, the judgment was entered on the 24th day of the month; a motion for a new trial was made on the 27th day of the same month. We ruled. that it was too late, and therefore the case was to be tried in this court as if there had been no motion for a. new trial. This construction of section 342 of the Civil Code of Practice has been steadfastly adhered to,. and is controlling in the pending case.

It will be observed that the bill of evidence was examined and approved by the judge of the Harlan court at the time he overruled motion for a new trial in May, 1934. Subsection 2 of section 337, Civil Code of Practice, mandatorily requires the party desiring a. bill of evidence, to produce the same during the term the judgment becomes final, unless further time be given him to prepare his bill of exceptions including the evidence.

Section 4641, Kentucky Statutes, confers upon the presiding judge in any equity suit or proceeding pending in court the discretion to hear the testimony orally and to direct the official stenographer to take it in shorthand, "and to cause a full and accurate transcript of the same to be made, and filed among the papers of the case."

In Dupoyster v. Ft. Jefferson Imp. Co.'s Receiver,.

121 Ky. 518, 89 S. W. 509, 511, 28 Ky. Law Rep. 504, we reviewed sections 334, 336, and 337 of the Civil Code of Practice, and sections 4639, 4641, and 4644, Kentucky Statutes, and our conclusion was stated in these words:

> "An equity case must be appealed to this court upon the record before the circuit court, and if the evidence before the circuit court is heard orally the record must be made up by that court while it has jurisdiction of the case. It cannot be left to the reporter to make up the record of the case, nor can the reporter and the circuit judge in vacation and without an order of court make up the record."

It is apparent that it is our view that the motions and grounds for a new trial not being filed within three days after the rendition of the judgment, even if permissible in an equity action, the filing the same, being too late, did not have the effect of suspending the judgment entered on the 25th day of October, 1932. Hence the bill of evidence was filed too late.

Aside from this, we have often ruled that a motion for a new trial was not necessary in an equity action. McCormick Harvesting Machine Co. v. Martin, 51 S. W. 1021, 21 Ky. Law Rep. 309. See annotation to section 340, Civil Code of Practice.

The Asher Coal Mining Company has entered a motion to dismiss this appeal as to Arthur Smith. Since the amount for which he sues is less than $500 and the appeal was taken from an order of thecircuit court granting it, it becomes our duty to sustain it. It also has entered a motion to strike from the record the bill of evidence. It is our view that the motion to strike the bill of evidence from the record should be sustained. The appeal of Arthur Smith is dismissed, and the bill of evidence as to Nannie Hembree is stricken from the record. In the absence of the evidence, the only question left for our determination is the sufficiency of the pleadings to support the judgment. The presumption is conclusive that the evidence fully sustains it. A casual examination of the pleadings discloses that they support the judgment.

The judgment appealed from does not purport to dispose of Nannie Hembree's right to judgment against the Harlan Fox Mining Company, and this question

remains in the circuit court for adjudication, and this appeal is disposed of without prejudice to her right as to it.

Wherefore, the judgment is affirmed as to Nannie Hembree; the appeal is dismissed as to Arthur Smith.

The whole court sitting.