## Kramer et al. v. Kramer et al.

Oct. 31, 1941.

W. G. Hargis for appellant.

Bert J. King and Helm Woodward for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Dismissing appeal.

This is the third time appellants have attempted to appeal this case as will be seen from the two former opinions reported in 276 Ky. 504, 124 S. W. (2d) 744 and 280 Ky. 189, 132 S. W. (2d) 955, wherein the two appeals were dismissed. Reference to those opinions will reveal this is an action by three wards against their guardian and the surety on his bond to require an accounting. The court referred the case to the master commissioner, who heard proof by depositions and made a report to the court which was confirmed on exceptions filed thereto.

The amounts in controversy were over $200 and less than $500, hence the trial court was without authority to grant the appeal and it was necessary for a motion for an appeal to be filed in this court in the manner provided by Section 950-3, Kentucky Statutes, and within two years from the date the judgment was entered, Section 745, Civil Code of Practice. The judgment was entered on April 24, 1939, and the motion for an appeal was not filed in this court until April 30, 1941, which was not in time and appellant's motion to dismiss the appeal must be sustained.

The fact that appellant filed a motion for a new trial which was not overruled until May 1, 1939, did not cause the statute of limitation on the appeal to begin running from that date. Although this action was brought on the law side of the docket and was never transferred, it is purely an equitable action and the parties so treated it. As it involved complicated accounts, the court should have transferred it to the equity docket on its own motion, Civil Code of Practice, Section 10, Subsection 4; Finley v. Meadows, 134 Ky. 70, 119 S. W. 216; Brown & Millard v. Crescent Stave Co., 207 Ky. 470, 269 S. W. 739. But the court's failure to do so did not

affect the rights of the litigants, nor prevent the action from being governed by rules applicable to equity actions, Shelton v. Hensley, 221 Ky. 808, 299 S. W. 979; Wood's Guardian v. Inter-Southern Life Ins. Co., 224 Ky. 579, 6 S. W. (2d) 712; Weikel v. Alt, 234 Ky. 91, 27 S. W. (2d) 684, 685.

As this was in effect an equity proceeding, it was not necessary for appellant to file a motion for a new trial in order to bring the case here on review and the order overruling the motion for a new trial has no effect upon the right to appeal. Nickels v. Collins, 153 Ky. 219, 154 S. W. 1090; Board of Drainage Com'rs v. Illinois Cent. R. Co., 202 Ky. 735, 261 S. W. 236; Hembree v. Asher Coal Mining Co., 262 Ky. 698, 91 S. W. (2d) 66. It may be noted that the appeal is not from the order overruling the motion for a new trial, but is from the judgment entered on April 24, 1939.

If this should be treated as a common law action appellant would be in no better position. No bill of exceptions appears to have been filed and the depositions are not made a part of the record, therefore we could not review the proof. New York Life Ins. Co. v. Brown's Adm'r, 139 Ky. 711, 66 S. W. 613; Louisville & N. R. R. Co. v. Whitehead's Adm'r, 73 S. W. 1128, 24 Ky. Law Rep. 2315; Shannon v. Stratton & Terstegge, 144 Ky. 26, 137 S. W. 850. The only thing which would be left for our determination would be whether or not the pleadings support the judgment, and they do. Patterson v. Miracle, 253 Ky. 347, 69 S. W. (2d) 708, Baker v. Robinson, 273 Ky. 410, 116 S. W. (2d) 958. The fact no bill of exceptions was filed fortifies us in our conclusion that the appellants regarded this as an equity proceeding.

The appeal is dismissed.