Herbert, J.
We first consider the question of the time allowed for argument. The applicable rule is stated in 53 American Jurisprudence, 364, Section 461, as follows:
*446 “In both civil and criminal prosecutions the time allowed counsel for argument is within the sound discretion of the trial court, the exercise of which will not be interfered with by an appellate tribunal in the absence of a clear showing of its abuse to the prejudice of the substantial rights of the complaining party. The only limitation upon the discretion of the court to limit the length of arguments, however, is that the time given must be reasonable and of such length as not to impair the right of argument or to deny a full and complete defense. * * * “No precise rule can be laid down as to the time limit to which the trial court may properly restrict the argument of counsel, since what might be a reasonable limitation in one case would unquestionably be unreasonable in another. Whether the discretion of the court has been properly exercised depends entirely upon the circumstances of each case, the number of witnesses examined, the volume and character of the evidence, the time consumed in the trial of the case, as well as any other matters which properly have a bearing upon the time necessary to present the case fully to the jury.” See, also, 88 Corpus Juris Secundum, 333, Section 168.
The Court of Appeals, in its opinion, noted that the taking of testimony in this case consumed two and one-half days. Following delivery of the special requests to charge which were allowed by the court, the record discloses the following:
“Counsel for plaintiff objected to being limited on time, said limitation being 30 minutes to each side.”
There is no other reference to this time limitation in the record.
It would appear from the annotation in Corpus Juris Secundum, supra, that ordinarily a limitation of argument to 30 minutes a side is not an abuse of discretion. See Cobb Chocolate Co. v. Knudson (1904), 207 Ill., 452, 69 N. E., 816; Spriggs v. Cheyenne Newspapers, Inc. (1947), 63 Wyo., 416, 182 P. (2d), 801; Mitchell v. Robinson (Tex. Civ. App., 1913), 162 S. W., 443, at page 447; Asher v. Golden (1932), 244 Ky., 56, 50 S. W. (2d), 3. In the case of, Jerrell v. Norfolk & Portsmouth Belt Line Rd. Co. (1936), 166 Va., 70, 184 S. E., 196, the Supreme Court of Appeals of Virginia held contra. In 1878, *447 in a criminal case this court held that the limiting of argument to 30 minutes was “an abuse of power,” Dille v. State, 34 Ohio St., 617, 32 Am. Rep., 395.
In its opinion, the Court of Appeals here found that because of the limitation of time of argument to one half hour for each side “the right of plaintiff to a fair trial was impaired.” In its journal entry one ground for reversing the judgment of the Common Pleas court was “for unduly limiting the time for argument on behalf of the plaintiff.”
The word, “unduly,” could very easily imply abuse of discretion but it would seem the better practice to specify such abuse when that is the basis on which the ruling is made. On the assumption that “unduly” implied abuse here, we have searched the record but by the tests noted above find nothing to indicate abuse of discretion by the trial court in fixing this time limitation for argument to the jury.
The opinion and entry of the Court of Appeals failing to indicate any abuse of discretion on which prejudice to the plaintiff in the presentation of her case could^ be based, and finding none in the record, we must conclude that the reversal of the judgment of the Court of Common Pleas because of its limitation of argument to 30 minutes a side was error.
The other reason for the reversal of the lower-court judgment by the Court of Appeals was for “overemphasis in the general charge of the liability of the defendant Sanford in contrast to that of the defendant Russell.”
In its opinion, the Court of Appeals noted:
“* * * throughout the general charge the court reiterated on five additional occasions that the jury should return a verdict on behalf of plaintiff against the defendent Sanford — thus overemphasizing the responsibility of Sanford for the collision and resulting injury to plaintiff, and at least to a degree minimizing the liability of the defendant Russell toward the plaintiff.”
When reiteration of an instruction is raised as a claim of prejudicial error, it is necessary to examine the entire charge. It should first be pointed out that, even though the defendant Sanford was absent from the trial and was in default of answer, his testimony by deposition was in evidence. In that *448 deposition, Sanford testified that the car of defendant Russell hit his car and knocked it “on the way she was going.” Thus the plaintiff introduced the Sanford deposition, the only testimony which clearly conflicted with the testimony that defendant Russell’s ear was struck by the car driven by Sanford. The issue of negligence on the part of Russell was thereby made one on which there was directly contradicting evidence.
The charge to the jury by the court is exhaustive, and begins with an instruction that the jury does not have “the problem or the work of deciding whether or not you shall hold or find Frank Sanford, Jr., guilty of negligence and therefore liable to the plaintiff, but you have only the matter of filling in the amount, if any, that you may decide to award the plaintiff in connection with the finding against Frank Sanford, Jr. The court as a matter of law directs you to return a verdict in favor of the plaintiff against Frank Sanford, Jr., which is known in the law as a directed verdict.”
In reviewing the pleadings, the trial court again reminded the jury that “as a matter of law, you will already find against the defendant Sanford, Jr.”
In summing up the charge, the court said:
“As the court has indicated, where damage is caused by joint or concurrent negligence of two or more persons, they may be sued either jointly or severally and the liability in such case may be joint or several. I' have directed you as a matter of law to find for the plaintiff against the defendant, Frank Sanford, Jr. Therefore, with respect to bim, you need only consider the amount of damages to be awarded as I have previously instructed you.
“If, therefore, you may find that the plaintiff’s injuries were caused directly and proximately by the negligence of the defendant Russell in one or more of the particulars alleged, are concurrent with the negligence in one or more particulars alleged of the defendant, Frank Sanford, Jr., then your verdict will be against both defendants.
“You have been directed by the court to find for the plaintiff against the defendant, Frank Sanford, Jr. The other defendant, Garnetta E. Russell, may not shift the responsibility *449 exclusively upon the defendant Sanford and escape by showing that the defendant Sanford, Jr., was negligent.
“If you should find that the proximate cause of the injuries and damages sustained by plaintiff was the negligence of the defendant, Garnetta E. Bussell, then your verdict should be for the plaintiff and against both defendants, since you are instructed to find against the defendant Sanford.
“Further, if you find that the defendant Bussell was not guilty of negligence which was the direct and proximate cause or which jointly contributed to the damage of the plaintiff, then your verdict should be for the plaintiff against Frank Sanford, Jr., only.”
The foregoing excerpts from the charge of the trial court are set forth at length in order to show the trial judge’s response to the problem which confronted him as a result of Sanford’s testimony.
The other evidence in the record supports the contention of defendant Bussell as to negligence on her part in the collision and, were it not for the deposition testimony of Sanford, the court might well have granted her motion for a directed verdict. The court was, therefore, required to distinguish carefully the responsibilities and liabilities of the parties. Taking the excerpts out of context and alone, one might get the impression of undue emphasis, but reading the charge as a whole, we do not believe the jury could have been misled in a manner prejudicial to the plaintiff.
In the case of Ohio Farmers Ins. Co. v. Cochran, 104 Ohio St., 427, 135 N. E., 537, this court held in paragraph six of the syllabus:
“A charge of the trial court upon the subject of waiver must be considered as a whole so far as it applies to the subject of waiver. If, judged by its four corners, the charge upon that subject fairly and correctly states the law applicable to the pleadings and the evidence, the cause, upon review, should not be reversed merely because it is possible the jury may have been misled. The question should be: Was the jury probably misled in a matter materially affecting the complaining party’s substantial rights?”
*450 This, we believe, fairly states the law applicable here. See, also, Eaton v. Askins, 95 Ohio App., 131, 118 N. E. (2d), 203.
As to that portion of the entry of the Court of Appeals remanding the case “for a new trial against the defendant Sanford as well as defendant Russell without prejudice to the right of any party to the suit to raise and have determined the validity of the service against the defendant Sanford,” that issue of validity of service against Sanford was not before the appellate court.
Accordingly, the judgment of the Court of Appeals is reversed, and that of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Taft, Matthias and Bell, JJ., concur.
Zimmerman, J., concurs in paragraphs one and two of the syllabus.
Peck, J., concurs in paragraphs two and three of the syllabus and in the judgment.